**Jenny WEHMEYER, Plaintiff–Respondent–Appellant,**

v.

**BASSETT REALTY, INC., Defendant–Appellant.**

**Arnold BASSETT, Defendant,**

v.

**Bernie WEHMEYER, Third Party Defendant,**

and

**J.R. MATLOCK, Third Party Defendant–Respondent.**

Nos. 17765, 17771.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 6, 1992.

Sidney T. Pearson, III, St. James, for plaintiff-respondent-appellant, and third-party defendant-respondent.

Wayne Gifford, Waynesville, for defendant-appellant.

PER CURIAM.

Following nonjury trial, judgment was entered in favor of plaintiff on her petition and against defendant Bassett Realty, Inc. on its counterclaim. Plaintiff and Bassett Realty, Inc. appeal.

Under its "Points Relied On" defendant-appellant presents four points. The first point complains of the trial court's findings of fact, conclusions of law and judgment, the second and third points complain of testimony "in violation of the parole [sic] evidence rule". The remaining point states that certain findings by the court "are against the weight of the evidence." Plaintiff-appellant contends the trial court erred in not awarding her interest and because she was entitled to $226.60 more than the judgment awarded.

The statement of facts in defendant-appellant's brief does not cite to any factual testimony. It has six citations to the transcript, but all refer to the nature of the claims of the various parties in dispute rather than the facts on which those claims are premised. The statement of facts in the brief of plaintiff-appellant has five references to the transcript and among its references to the legal file are two where the page reference is blank. Those two are the "facts" on which plaintiff claims to be entitled to interest and an additional $226.60.

Rule 84.04 provides in part:

   *    *    *    *    *    *

**(c) Statement of Facts.** The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the

testimony of each witness relevant to the points presented.

\*    \*    \*    \*    \*    \*

**(h) Page References in Briefs.** All statements of fact and argument shall have specific page references to the legal file or the transcript.

■■ If Rule 84.04 is not substantially complied with nothing is preserved for appellate review. *Simpson v. Galena R–2 School Dist.,* 809 S.W.2d 457 (Mo.App. 1991); *Federbush v. Federbush,* 667 S.W.2d 457, 458 (Mo.App.1984); *Pillow v. Sayad,* 655 S.W.2d 816 (Mo.App.1983). Neither statement of facts substantially complied with Rule 84.04.

A gratuitous examination of the record reveals no plain error. See Rule 84.13(c).

The judgment is affirmed.

All concur.