All concur.

Rick G. Burton, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Theodore A. Bruce, Asst. Attorney General, Jefferson City, for defendant–respondent.

**Rick G. BURTON, Plaintiff–Appellant,**

v.

**F. Leroy TUCKER, Defendant–Respondent.**

No. 21239.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 6, 1997.

PER CURIAM.

Appellant Rick G. Burton, an inmate in the Jefferson City Correctional Center, filed a replevin action against F. Leroy Tucker, a Missouri Highway Patrol employee. Appellant sought the return of personal property allegedly held by Tucker.

After Appellant failed to comply as ordered with certain discovery requests, the court granted Tucker's Motion for Sanctions and dismissed Appellant's petition. At the same time, the court ruled "that the property giving rise to this suit is hereby forfeited as requested in defendant's counterclaim ..., and that the property be sold by the Sheriff of Phelps County and the proceeds shall go to the Treasurer of Phelps County."

■ Appellant appeals *pro se.* He is entitled to do so, but he is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535 (Mo.App.1987).

Our review of Appellant's brief reveals numerous and egregious violations of Rule 84.04(a), (b), (c), (d), and (h).[1] Appellant's brief fails to contain:

1. A jurisdictional statement. Rule 84.04(a) and (b).

2. A statement of facts relevant to the questions presented for determination. Rule 84.04(c).

3. Points relied on.[2] Rule 84.04(d).

4. Citations of authority (with one exception). Rule 84.04(d).

5. An argument. Rule 84.04(e).

6. Specific page references to the legal file or transcript. Rule 84.04(h).

■ As shown, Appellant's brief falls woefully short of any reasonable compliance with Rule 84.04. A failure to substantially comply with Rule 84.04 preserves nothing for appellate review. *Whalen v. College of the Ozarks, Inc.*, 851 S.W.2d 682, 683 (Mo.App.1993); *Wehmeyer v. Bassett Realty, Inc.*, 840 S.W.2d 290, 291 (Mo.App.1992). Allegations of error not properly briefed "shall not be considered in any civil appeal ...." Rule 84.13(a).

In *State v. Kurt*, 867 S.W.2d 675 (Mo.App. 1993), the appeal was dismissed for similar, albeit fewer, Rule 84.04 violations as exist here. Accordingly, we dismiss the appeal.

---

1. Rule references are to Missouri Rules of Court (1996).

2. Appellant's brief does contain five "Claims for Relief." Even if we consider these claims as points relied on, each claim is seriously deficient. None of the claims comply with the "wherein and why" requirements of Rule 84.04(d). *See Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App.1993).