## Harold LIBBERTON and James Libberton, Plaintiffs–Respondents,

v.

### Donald D. PHILLIPS, Jr., Frankie Lee Thomas, Carol K. Fox, and Donald R. Fox, Defendants–Respondents,

### Michael Libberton, Non–Party–Appellant.

### No. 22357.

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 1999.

Appellant, pro se.

Joseph W. Rigler, Williams, Robinson, White, Rigler & Parker, PC, Rolla, for Respondents Libberton.

Dana L. Frese, Carson & Coil, PC, Jefferson City, for Respondent.

No attorneys, for Respondents Phillips and Thomas.

KENNETH W. SHRUM, Judge.

Eloys Libberton died from injuries sustained in a motor vehicle accident. Two of her sons, Harold and James Libberton, brought a suit for Eloys's wrongful death. This suit was settled for $50,000. Appellant Michael Libberton, another of Eloys's sons, appeals a judgment that awarded all of the wrongful death proceeds to Harold and James Libberton.[1] We dismiss the appeal.

1. The record reflects that Appellant was with-   in the class of persons entitled to sue for

Appellant appeals *pro se.* Some of the respondents ask us to dismiss the appeal because Appellant failed to comply with Rule 84.04 briefing requirements.

We reproduce Appellant's "brief" in its entirety (except for the caption page).

"All parties eligible to bring suit in this matter were informed that a lawsuit was to take place and any proceeds would be divided equally. That any who wished may join in the suit but that it would not effect (sic) the distribution of any funds if the suit were to meet with any success. This was agreed to by all (Harold and James included) before any lawyer was hired and this agreement was never altered.

"Had James or Harold indicated to anyone that they would (or could) perjure themselves by misrepresenting this agreement to the court, the hearing of 4–29–98 would have been attended by several of us to see that the court received all of the facts of that agreement.

"The Pulaski County Court accepted the testimony and directions of Harold and James and their attorney without question. The Court interrupted and did not allow appellant's attorney, (Mr. Kirk Bowman) an equal voice. This prejudicial attitude allowed the two brothers and their attorney to mislead the court.

"The Pulaski County Court failed to document any action on a motion to withdraw filed by Mr. Aleshire, who was also supposedly representing Libberton family members. This leaves unfinished business of that court. This suggests an arbitrary and capricious decision that should be invalidated on that ground."

█ Appellant is entitled to proceed *pro se.* However, in doing so he is bound "by the same rules of procedure as those admitted to practice law and is entitled to no

indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535[1] (Mo.App.1987).

█ Review of Appellant's brief shows flagrant violations of Rule 84.04(a), (b), (c), (d), (e) and (i). Appellant's brief fails to contain:

1. A detailed table of contents. Rule 84.04(a)(1).

2. A jurisdictional statement. Rule 84.04(a)(2) and (b).

3. A statement of facts relevant to the questions for determination. Rule 84.04(a)(3) and (c).

4. Points relied on. Rule 84.04(a)(4) and (d).

5. Citations of authority. Rule 84.04(d)(5)

6. An argument. Rule 84.04(a)(5) and (e).

7. Specific page references to the legal file or transcript. Rule 84.04(i).

█ As shown, Appellant's brief falls woefully short of any reasonable compliance with Rule 84.04. "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker,* 937 S.W.2d 775, 776[2] (Mo.App.1997). Allegations of error not properly briefed "shall not be considered in any civil appeal." Rule 84.13(a).

In *State ex rel. Div. of Child Support Enforcement v. Hinojos,* 993 S.W.2d 581, 583 (Mo.App.S.D.1999), *Burton,* 937 S.W.2d 775, and *State v. Kurt,* 867 S.W.2d 675 (Mo.App.1993), appeals were dismissed for similar Rule 84.04 violations. Accordingly, we dismiss the appeal.

CROW, P.J., and PARRISH, J., concur.

wrongful death of Eloys Libberton, and his being joined in the lawsuit was not necessary to protect his right to participate in the settlement. *See Kavanaugh v. Mid–Century Ins. Co.,* 937 S.W.2d 243, 245[1] (Mo.App.1996).

Because Appellant was entitled to sue or to join the wrongful death action, he was also entitled to appeal the judgment apportioning settlement funds. *Id.*