Hsi–Lin CHANG and Yu Me Lee Chang, Trustees of the Hsi–Lin and Yu Mei Lee Chang Revocable Trust, Plaintiffs–Respondents,

v.

Leroy LUNDRY, a Single Person,
Defendant–Appellant,

and

B.H.C. Inc., a Missouri Corporation,
Defendant.

No. 25317.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2003.

Jim S. Green, Sikeston, for appellant.

John M. Albright, Moore & Walsh, Poplar Bluff, for respondents.

Before PARRISH and SHRUM, JJ., and RAHMEYER, C.J.–P.J.

PER CURIAM.

A jury found Leroy Lundry ("Defendant") liable for property damage he caused to land owned by Hsi–Lin and Yu Me Lee Chang ("Plaintiffs").[1]  On appeal, Defendant claims the trial court erred in three respects, i.e., two claims of instruc-

---

1.  The petition was filed by Plaintiffs as trustees for a revocable trust, the legal title holder of the land.  For ease of discussion, we refer to Plaintiffs as the owners.

tional error and one point related to the sufficiency of the evidence. Plaintiffs have filed a motion with this court to dismiss Defendant's appeal because he failed to comply with the mandatory briefing requirements of Rule 84.04.[2] Because we find Plaintiffs' motion meritorious, we dismiss the appeal.

■ Allegations of error not properly briefed "shall not be considered in any civil appeal." Rule 84.13(a). "Compliance with Rule 84.04 is mandatory." *City of Kansas City v. New York–Kansas Bldg. Associates, L.P.,* 96 S.W.3d 846, 855[14] (Mo.App. 2002). As an appellate court, we should not ferret out the facts, reconstruct points, and decipher arguments because we are then acting as an advocate for a party. *Finnical v. Finnical,* 81 S.W.3d 554, 560[8] (Mo.App.2002). " 'That is the responsibility of the parties and not the function of the appellate court.' " *Id.* (citation omitted). "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker,* 937 S.W.2d 775, 776[2] (Mo.App.1997).

■ In Defendant's first and second points, he alleges the trial court committed reversible error "in giving" two instructions to the jury. Instruction No. 9 was allegedly the verdict director, and Instruction No. 10 was allegedly the damage instruction. In the argument section of Point I, Defendant sets forth the apparent requirements of the verdict director, but fails to set forth the full text of the instruction in direct violation of Rule 84.04(e). In the argument section of Point II, Defendant does not even attempt to set forth the instruction.[3]

"If a point relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Rule 84.04(e). "By failing to set forth the instruction[s] in question in the argument portion[s] of the brief, [Defendant] did not preserve the issue[s] for appellate review." *Daniel v. Indiana Mills & Mfg., Inc.,* 103 S.W.3d 302, 311[12] (Mo.App.2003). If these failures were the only instances relating to alleged instructional errors, then this court could exercise its discretion to review for plain error under Rule 84.13(c). *Sheehan v. Northwestern Mut. Life Ins. Co.,* 103 S.W.3d 121, 132 (Mo.App.2002). These deficiencies, however, do not stand in isolation.

■ *Instructions nine and ten appear nowhere in the record.* In order to invoke the plain error doctrine, the record must first facially establish substantial grounds for believing that a manifest injustice or a miscarriage of justice has occurred or would result if the error is left uncorrected. *Young v. Young,* 59 S.W.3d 23, 27–28[1] (Mo.App.2001); *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App. 1998). Factual assertions made in a brief cannot supplement the official record. *J.B. Allen, Inc. v. Pearson,* 31 S.W.3d 526, 529[3] (Mo.App.2000); *McCormick v. St. Louis University, Inc.,* 14 S.W.3d 601, 605[3] (Mo.App.1999). If a challenged instruction does not appear in the record, then this court is precluded from exercising its discretion to review for plain error. *Daniel,* 103 S.W.3d at 311–12; *Howe v. ALD Services, Inc.,* 941 S.W.2d 645, 655 (Mo.App.1997). Points I and II are dismissed.[4]

---

**2.** All rule references are to Supreme Court Rules (2003), unless otherwise indicated.

**3.** Defendant's first attempt to comply with Rule 84.04(e) appears in his reply brief. For

reasons stated hereafter, Defendant's attempted compliance is inadequate.

**4.** The first attempt by Defendant to set forth the full text of the instructions at issue appears in his reply brief. Because the instruc-

■ In his third point, Defendant apparently claims that the evidence was insufficient to support the verdict and judgment. In the argument section of Point III, Defendant fails to provide this court with page references to the legal file or transcript in violation of Rule 84.04(i). Also, Defendant has provided no standard of review or legal authority of any kind to support his argument. These violations provide an ample basis for denying review and dismissing Point III. *Finnical,* 81 S.W.3d at 560. If these were the only violations appearing in Defendant's brief, then this court might have chosen to exercise its discretion to review this claim for plain error. Defendant, however, has violated numerous other appellate briefing requirements.

We note the following violations of Rule 84.04. First, Defendant's brief does not contain "a table of cases (alphabetically arranged) . . . with reference to the pages of the brief where they are cited[ ]" in violation of Rule 84.04(a)(1). Second, the jurisdictional statement is a bare recital that we have jurisdiction and fails to provide this court with "sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). Third, Defendant's brief contains no appendix with essentials such as the judgment or challenged instructions in violation of Rule 84.04(h). Finally, excluding the statement of facts, there are no page references to the 74–page legal file or the 279–page transcript, which violates Rule 84.04(i). *Cooper v. Bluff City Mobile*

*Home Sales, Inc.,* 78 S.W.3d 157, 165 (Mo. App.2002). For all of the foregoing reasons, Point III is dismissed.

■ The failure to comply with Rule 84.04 imposes a tremendous burden upon this court to decipher the precise issues a party wishes us to review. Moreover, such a failure creates an injustice visited upon the parties and the legal system as a whole. Certainly, minor or technical violations of the rule can be cured with minimal prejudice to the system, the parties, and the court. As in this case, however, when egregious and blatant violations occur, the only avenue this court believes it can take is one of dismissal. For all of the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

tions were not included in the record on appeal and were not Missouri Approved Instructions, this court has no way to determine if Defendant has accurately represented the instructions proffered to the jury. Moreover, Defendant failed to adequately notify Plaintiffs so that they could address the alleged

errors. It was Defendant's duty to present this court with an adequate record on appeal to review his claims. *Daniel,* 103 S.W.3d at 312 n. 3. Defendant's belated attempts to fulfill his duty via his reply brief are unavailing; consequently, Defendant has waived any alleged instructional error. *Id.* at 310–12.