**Daniel EDDINGTON and Mattie Vales Eddington, Plaintiffs–Appellants,**

v.

**Dr. Reno COVA and Marion Drysdale, Defendants–Respondents.**

No. 25431.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 4, 2003.

Jim S. Green, Sikeston, Mo, for appellants.

Bradley S. Hinkle, Holden Law Office, Dexter, Mo, for respondent Reno Cova.

No brief filed for respondent Marion Drysdale.

NANCY STEFFEN RAHMEYER,
Chief Judge.

Daniel and Mattie Vales Eddington ("Appellants") appeal from the trial court's entry of summary judgment in favor of Reno Cova and Marion Drysdale ("Respondents").[1] Appellants present two points on appeal; however, due to the fatal deficiencies of Appellants' brief, we dismiss without considering the relative merits of their argument.

■ All appellate briefs must be written and filed in accordance with Rule 84.04.[2] *State v. Watkins,* 102 S.W.3d 570, 571 (Mo.App. S.D.2003). Compliance with the briefing requirements of Rule 84.04 is mandatory in order to ensure that appellate courts do not become advocates for either party by speculating on the facts and on arguments that have not been made. *Petersen v. Cook,* 92 S.W.3d 831, 834 (Mo.App. S.D.2003). The deficiencies in Appellants' brief are considerable, and run the gamut from relatively minor violations (such as the omission of a table of cases) to serious, substantive violations (such as incomplete and non-compliant points on appeal). While we refrain from cataloguing each of the shortcomings of Appellants' brief, we nevertheless deem it necessary to highlight those deficiencies that are so egregious that they both warrant and require dismissal.

■ First, Appellants' statement of facts is so brief, vague, and incomplete that it fails to adequately apprise the court as to the factual circumstances that precipitated this appeal. For example, although Appellants' underlying cause of action concerns the relative rights and obligations that both Appellants and Respondents bear in relation to two promissory notes,[3] Appellants fail to reproduce the actual language of either note in their statement of facts or, for that matter, anywhere else in their brief. This court is not required to scour the court records contained within the legal file in order to discover the nature and basis for Appellants' appeal. *White v. Darrington,* 91 S.W.3d 718, 722 (Mo.App. W.D.2002). Yet it was only after we undertook just this type of fact-finding expedition that the basic nature of Appellants' claim emerged.[4]

■ Second, Appellants' brief also fails to set forth a proper jurisdictional state-

---

1. For purposes of clarification, we refer to Cova and Drysdale as "Respondents" only when discussing them collectively, in their capacity as adverse parties to Appellants' claim. When referring to their individual actions, we identify the men separately as "Cova" and "Drysdale."

2. All rule references are to Supreme Court Rules (2002) unless otherwise stated.

3. *See infra* note 4.

4. Apparently, Appellants and Respondents were partners in Universal Cable Contractors, Inc. ("UCC"), a business venture to install cable in Chicago, Illinois. In order to provide working capital to UCC, Drysdale made a personal loan to the company in the amount of $35,000. In return, on January 27, 1987, Appellants, Cova, and Drysdale executed a promissory note to Drysdale in the amount of $35,000. In order to secure the loan, Appellants executed a deed of trust on their home and offered it as collateral in the event that the cash-flow from UCC was insufficient to pay the loan obligation.

When Appellants subsequently failed to make payment on the promissory note, Drysdale initiated foreclosure proceedings against their home. In order to satisfy their obligation on the promissory note, as well as to prevent foreclosure on their home, Appellants

ment, as required by Rule 84.04(b). Rule 84.04(b) requires that jurisdictional statements "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitutional whereon jurisdiction is sought to be predicated." Despite this requirement, Appellants' jurisdictional statement provides virtually no factual information, save for the bare statement that the "appeal is from a summary judgment" that was entered in the Circuit Court of Scott County, Missouri. Nowhere does the jurisdictional statement indicate, or even intimate, what factual circumstances led to the grant of summary judgment. Furthermore, the minimal procedural history provided within the deficient statement of facts only exacerbates the inadequacies of the jurisdictional statement. *Id.*

▇▇▇ Third, and most importantly, Appellants' brief also fails to meet Rule 84.04(d)'s requirements for points relied on. Rule 84.04(d) requires that each point on appeal: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." While Appellants bring two points on appeal, because the points are so vague

and ill-defined, they fail to alert this court as to the precise nature of Appellants' claim. Consequently, before we could begin an analysis of their legal argument, we would first be forced to provide flesh to Appellants' bare bones points on appeal. The argument fails to flesh out in any way the claim. "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review. *Othman v. Wal–Mart Stores, Inc.,* 91 S.W.3d 684, 687 (Mo. App. E.D.2002) (citing *Nichols v. Mama Stuffeati's,* 965 S.W.2d 171, 173 n. 1 (Mo. App. W.D.1997)). Inasmuch as Appellants' points on appeal fail to provide Respondents—or this court—with that type of notice, they violate not only the letter, but the very essence of Rule 84.04.

▇▇▇ Simply put, the deficiencies in Appellants' brief are such that this court cannot competently rule on the merits of Appellants' argument without first reconstructing the factual circumstances that gave rise to this cause of action, and then refining and supplementing Appellants' legal argument.[5] Such an undertaking is

---

negotiated a settlement agreement with Drysdale whereby they agreed to pay $20,000 in full satisfaction of the promissory note. In exchange for this payment, Drysdale dismissed his foreclosure lawsuit against Appellants and signed the note after marking it "Paid in Full 13 September 1990."

Subsequently, Appellants filed suit against Respondents, seeking contribution from them on the ground that they were co-signers on the original January 27, 1987 promissory note. On December 15, 1994, Respondents filed a motion for summary judgment, which was subsequently denied by the trial court on

November 16, 1998. On April 14, 1999, Respondents filed a motion for reconsideration of their previous motion for summary judgment, and that motion was granted on December 26, 2002. This appeal followed.

5. As the Missouri Supreme Court has noted:

When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future

inappropriate not only because it requires considerable time and judicial resources, but also because it forces this court to don the cap of advocacy while forsaking our traditional appellate role. *Perkel v. Stringfellow,* 19 S.W.3d 141, 147 (Mo.App. S.D.2000) ("The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal."). While it is our task to review allegations of trial error, by failing to substantially comply with the strictures of Rule 84.04, Appellants have preserved nothing for our review. *Burton v. Tucker,* 937 S.W.2d 775, 776 (Mo.App. S.D.1997). We thus dismiss their appeal.

PARRISH, J., and SHRUM, J., concur.

cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.

Courts should not be asked or expected to assume such a role.
*Thummel v. King,* 570 S.W.2d at 686.