**In re MARRIAGE of Jodie Lynn MAHAN and Andrew Hugh Mahan.**

**Jodie Lynn Mahan, Petitioner/Respondent,**

v.

**Andrew Hugh Mahan, Respondent/Appellant.**

**No. ED 83233.**

Missouri Court of Appeals, Eastern District, Division Two.

March 16, 2004.

Jodie Lynn Donaldson, Beavercreek, OH, pro se.

Andrew Mahan, Maryland Heights, MO, pro se.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Father, Andrew Mahan, appeals from a judgment entered on his motion to determine amounts owed on a child support order. The trial court determined the amount owed and imposed a one percent rate of monthly interest on this amount. On appeal father challenges the imposition of interest. We dismiss the appeal.

Father appeals *pro se.* Mother has not filed a brief. Father's brief fails to comply with the briefing requirements of Rule 84.04. Because of multiple violations of Missouri Rules of Civil Procedure on father's part, we dismiss the appeal. *Davis v. Coleman,* 93 S.W.3d 742, 742–43 (Mo. App.2002).

We will briefly discuss the violations of Rule 84.04 in the order the requirements are set out in the rule. First, the brief fails to contain a table of cases and authorities as required by Rule 84.04(a)(1). *See Chang v. Lundry,* 117 S.W.3d 161, 164 (Mo.App.2003).

The brief contains a one-page "Statement of Facts" containing five numbered sentences reciting that father filed the motion, that wife never filed any response or other pleading or documentation, that there was no request for interest, and that the court's ruling was therefore *sua sponte.* Rule 84.04(c) requires that the statement of facts be a fair and

concise statement of the facts relevant to the questions presented for determination without argument. The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Kent v. Charlie Chicken*, 972 S.W.2d 513, 515 (Mo.App.1998). In addition, Rule 84.04(i) requires that the statement of facts include specific page references to the legal file and transcript. *See Lombardo v. Lombardo*, 120 S.W.3d 232, 246–48 (Mo.App.2003). Father's statement of facts does not comply with Rule 84.04(c) or Rule 84.04(i). The Statement of Facts fails to provide an immediate, accurate, complete and unbiased understanding of the facts of the case. This violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal. *Kent*, 972 S.W.2d at 515; *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo. App.2003).

Neither of the points relied on complies with Rule 84.04(d)(*l*) and, in particular, neither states concisely the legal reasons for the claim of reversible error or explains in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *See Lemay*, 108 S.W.3d at 708–09.

■ The argument does not contain any statement of the applicable standard of review as required by Rule 84.04(e). *See Harrison v. Woods Super Markets, Inc.*, 115 S.W.3d 384, 387 (Mo.App.2003). In addition, "[a]n argument should show how the principles of law and the facts of the case interact." *Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App. 2000). The argument under point one merely quotes the statutory provision for *execution* for interest on unpaid child support, followed by a five-sentence claim that this statutory provision was not complied with. The argument is not supported by any citation of authority or rationale explaining why the statutory section on *execution* applies in this situation or why it prevents the court from imposing a *rate* of interest on unpaid child support in this case.

In his argument under point two, father quotes a long passage from a case on *collection* of delinquent interest, and in his three-sentence argument that follows the quotation, states that the procedures for *collection* were never followed. Again, he provides no rationale with citations to authority that explains why the case on collection applies to the trial court's imposition of a *rate* of interest on unpaid amounts. Further, the arguments under both points ignore the existence of statutory provisions that allow the imposition at the rate of one percent per month on delinquent child support, and consequently provide no explanation of how the trial court erred in imposing that rate in light of those statutory provisions. When an appellant does not cite relevant authority in support of his position, we are justified in considering the point abandoned. *Schubert v. Trailmobile Trailer, LLC*, 111 S.W.3d 897, 906 (Mo.App.2003).

Finally, the brief fails to contain an appendix as required by Rule 84.04(h). We gave father notice of this failure and 10 days to correct this problem, which he did not do.

■ An appellant who proceeds *pro se* is bound by the same rules of procedure as those admitted to the practice of law. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App.1999). A failure to substantially comply with Rule 84.04 preserves nothing for review. *Id.* Allegations of error not properly briefed "shall not be considered in any civil appeal." *Id.* (quoting Rule 84.13(a)). The numerous violations in father's brief, taken together, make the brief inadequate to invoke the jurisdiction of

this court, and the brief preserves nothing for review. *Kent,* 972 S.W.2d at 517.