**In re MARRIAGE OF Cynthia SHUMPERT and Maurice Shumpert.**

**Cynthia Shumpert, Petitioner/Respondent,**

v.

**Maurice Shumpert, Respondent/Appellant.**

**No. ED 82817.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 21, 2004.

Daniel R. Schramm, Daniel R. Schramm, L.L.C., Chesterfield, MO, for respondent.

Linda F. Jarman, St. Louis, MO, for appellant.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

Husband, Maurice Shumpert, appeals. The legal file indicates that the underlying judgment is a decree of dissolution in which the trial court determined that the parties' nineteen-year-old child was unemancipated, because the one semester she missed school was temporary, she had the intention to continue and has continued her education, and manifest circumstances prevented her continuous enrollment and attendance.

■ Husband's brief fails to comply with the briefing requirements of Rule 84.04. As a result of husband's multiple violations of the Missouri Rules of Civil Procedure, we dismiss his appeal. *In re Marriage of Mahan,* 129 S.W.3d 874, 875 (Mo.App.2004); *Davis v. Coleman,* 93 S.W.3d 742, 742–43 (Mo.App.2002).

Husband's violations of Rule 84.04 range from relatively minor to egregious. We will briefly discuss these violations in the order the requirements are specified in the rule. First, the table of cases and authorities does not refer to the pages of the brief on which the cases and authorities are cited, as required by Rule 84.04(a)(1). *See Chang v. Lundry,* 117 S.W.3d 161, 164 (Mo.App.2003).

■ Next, the jurisdictional statement is insufficient. Husband's jurisdictional statement is:

This court has jurisdiction over this matter because this case involves the question of whether the trial court's decision and application is a permissible interpretation and application of the law as stated in RSMo 452.340.5.

Rule 84.04(a)(2) requires that appellant's brief contain a "concise statement of the grounds on which jurisdiction of the review court is invoked." The jurisdictional statement must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). A deficient jurisdictional statement fails to invoke the jurisdiction of the appellate court. *Giesler v. Burlington Northern R. Co.,* 791 S.W.2d 491, 492 (Mo. App.1990).

Husband's statement does not set forth facts demonstrating under which constitutional provision jurisdiction is predicated and does not even identify a constitutional provision giving rise to jurisdiction. It does not identify what final judgment, if any, was being appealed, or the court that entered that judgment. It further fails to set out facts showing that the appeal is within the territorial jurisdiction of this court. For each of these reasons, the jurisdictional statement is deficient. *See Finnical v. Finnical,* 81 S.W.3d 554, 558 (Mo.App.2002); *McKee v. Wilmarth,* 771 S.W.2d 955, 957 (Mo.App.1989); *Estate of DeGraff,* 560 S.W.2d 342, 345 (Mo.App. 1977).

■ The failure to identify the judgment being appealed in the jurisdictional statement is exacerbated by the fact that the remainder of the brief never specifically identifies the judgment from which the appeal is taken, and a copy of that judgment is not included in the appendix. We are not required to scour the legal file to discover the nature and basis for the appeal. *Eddington v. Cova,* 118 S.W.3d 678, 680 (Mo.App.2003); *Harrison v. Woods Super Markets, Inc.,* 115 S.W.3d 384, 386 (Mo.App.2003). However, the only way we can determine that husband is challenging

320

findings made in a decree of dissolution is to refer to the legal ·file. *See, Eddington,* 118 S.W.3d at 680.·

 Third, the statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) requires that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo. App.1998). Husband's statement of facts fails to meet this standard. The brief contains a one-and-one-half-page "Statement of Facts" that omits relevant facts supporting the trial court's findings. This violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal.· *Lemay v. Hardin,* 108 S.W.3d 705, 709 (Mo.App.2003).

Fourth, none of the three points relied on complies in any respect with Rule 84.04(d)(1). The three points are:

POINTS RELIED ON

1. *Carmen Shumpert should be declared emancipated as of October, 2002 according to RSMo 452.340.3 and 452.340.5* The trial court's decision is against contrary to the statute which states that Appellant's obligation to support the child ends at age 18.

2. *Carmen Shumpert's enrollment in classes by October 1, 2002 should not be waived due to 'manifest circumstances'.* The trial court's decision does not clearly spell out what "manifest circumstances" it found.

3. *The trial judge's decision is contrary to the statute concerning Appellant's duty to support his 19 year old daughter after high school and is not supported by the evidence.* The trial judge's decision is against the weight of the evidence.

Husband makes no attempt to comply with the substance or format required by Rule 84.04(d). Husband's points relied on fail to identify any trial court ruling or action that husband challenges. They neither state concisely the legal reasons for the claim of reversible error nor explain in summary fashion why, in the context of the case, those reasons support the claim of reversible error. *See Lemay,* 108 S.W.3d ··at 709. Further, none of the points is followed by any cases or other authority upon which husband principally relies, as required by Rule 84.04(d)(5).

 "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Eddington,* 118 S.W.3d at 681. As in *Eddington,* husband's points fail to provide wife—or this court—with that type of notice, and they violate not only the letter, but also the very essence of Rule 84.04(d).

Fifth, the argument fails to comply with Rules 84.04(e) or (i). Only the first sentence of each point relied on is restated at the beginning of each section of argument, instead of a restatement of the whole point, as required by Rule 84.04(e). Also, the argument does not contain a statement of the applicable standard of review for each claim of error as required by Rule 84:04(e). *See Harrison,* 115 S.W.3d at 387. Instead, a standard of review appears on

the same page as the jurisdictional statement.

 Most importantly, the argument sections under all of the points heavily rely on numerous factual statements, but fail to contain any page references to the transcript or legal file where the evidence supporting these statements may be found, in violation of Rule 84.04(i). This requirement is not only mandatory, but is also essential for the effective functioning of the appellate courts. *Lombardo v. Lombardo*, 120 S.W.3d 232, 246–47 (Mo.App. 2003). An appellant's compliance with this rule allows us to verify the evidence upon which that party relies to support its argument. *Id.* The absence of citations prevents us from performing this verification, without doing husband's work for him. Otherwise, we would effectively be acting as husband's advocate, which we cannot do. *Id.*

Finally, the brief fails to contain an appendix that complies with Rule 84.04(h). Although the brief includes a page denominated "Appendix," that page merely contains a list of six authorities and the pages on which they are cited. Husband does not include a copy of the judgment, as mandated by Rule 84.04(h)(1), or the text of any statute he claims controlling, as mandated by Rule 84.04(h)(2). *See Chang*, 117 S.W.3d at 164.

 The failure to substantially comply with Rule 84.04 preserves nothing for review. *Mahan*, 129 S.W.3d at 876–77. Allegations of error not properly briefed "shall not be considered in any civil appeal." *Id.* at 876, quoting Rule 84.13(a). As in *Eddington*, 118 S.W.3d at 681, the deficiencies in husband's brief are such that we cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the trial court's findings and then refining and supplementing his points and legal argu-

ment. The numerous egregious and blatant violations of the Missouri Rules of Civil Procedure in husband's brief, taken together, make the brief inadequate to invoke the jurisdiction of this court, and the brief preserves nothing for review. *Mahan*, 129 S.W.3d at 876–77; *Eddington*, 118 S.W.3d at 682; *Chang*, 117 S.W.3d at 164; *Harrison*, 115 S.W.3d at 387.

Appeal dismissed.