Frantine SPEER, Appellant,

v.

**K AND B LEATHER CO. and Division of Employment Security, Respondents.**

No. 26313.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 14, 2004.

Frantine Speer, pro se.

Larry R. Ruhmann, St. Louis, for Respondent Missouri Department of Labor and Industrial Relations–Division of Employment Security.

KENNETH W. SHRUM, Judge.

Frantine Speer ("Claimant") filed a claim for unemployment benefits with the Missouri Division of Employment Security ("Division"). Division ruled Appellant was ineligible for benefits pursuant to section

288.050.2, because she was "discharged for misconduct connected with work."[1] Claimant then appealed this decision to the Appeals Tribunal.

After an evidentiary hearing before the Appeals Tribunal, the decision of Division was modified, but Claimant was still denied unemployment benefits. The Appeals Tribunal found that Claimant voluntarily quit without good cause; thus, she was denied unemployment benefits under section 288.050.1(1). Thereon, Appellant filed a timely appeal with the Labor and Industrial Relations Commission ("Commission"). Following Commission's review, it affirmed the decision of the Appeals Tribunal. The instant appeal followed. This court dismisses the appeal.

■ Initially, we note that Claimant has filed this appeal *pro se*. She is fully entitled to proceed *pro se*. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App.1999). In doing so, however, she is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence she would not have received if represented by counsel." *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535[1] (Mo.App.1987).

■ As is abundantly clear from a cursory reading, Claimant's brief shows flagrant violations of most provisions of Rule 84.04.[2] In her statement of facts, there are no page references to either the transcript or legal file, violating Rule 84.04(i).

In addition to the statement of facts, Claimant's points relied on are defective.

As an example, we reproduce her second point:

"The Trial Court Erred in that the claimant had left work involuntarily without good cause attributable, or discharged for misconduct connected with work because of discrimination in that there was a distinction, exclusion or preference made on the basis of cruel and unusual punishment inflicting my human rights in Due process, which had the effect of nullifying or impairing equality of opportunity or treatment in employment."

We are unsure what to make of this. Her first point is equally incomprehensible.

■ The points merely assert the ruling or action that is challenged, but wholly fail to state any *adequate* legal reason for reversible error. Nor do the points explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. This failure is in direct violation of the plain wording of Rule 84.04(d). "It is not sufficient to merely set out what the alleged errors are without stating why." *Landers v. Huffman*, 914 S.W.2d 394, 396[4] (Mo.App. 1996).

Perhaps these shortcomings could be overlooked if the argument sections of Claimant's brief provided any guidance. As in the points, the arguments are incoherent.[3] This court is unsure if Claimant

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. All rule references are to Supreme Court Rules (2004), unless stated differently.

3. For instance, her Point II argument refers to a violation of her freedom of speech rights when her employer allegedly told her not to talk to anyone anymore. Setting aside the fact that there is no evidence of this that we

could find, Claimant continues her argument by quoting the "Bill of Rights," the "fourteenth Amendment (1868)," the "Civil Rights Act of 1964," the "Discrimination (Employment and occupation) convention (ILO NO>111), 362 U.N.T.S. 31 Article 2," and the "Preambel[sic] of the United States constitution." Her only analysis is:

"Take a look at the both sides of the matter. This is about the unjust rules and threats by the employers and to compensate

has even challenged the Commission's findings. She seems to be challenging the finding that she was discharged for misconduct, not that she voluntarily quit, i.e., the Commission's ruling.

▪ Moreover, the argument sections of the points relied on fail to set forth any standard of review. Rule 84.04(e) provides that "[t]he argument shall also include a concise statement of the applicable standard of review for each claim of error." Further, the argument sections are devoid of any relevant citations to applicable authority. This justifies a finding that Appellant has abandoned her points. *Donovan v. Temporary Help*, 54 S.W.3d 718, 720[4] (Mo.App.2001). Finally, we note that the argument sections fail to contain any specific page references to either the transcript or legal file. This violates Rule 84.04(i). "An argument that violates Rule 84.04(i) wholly fails to preserve any error for review." *Cooper v. Bluff City Mobile Home Sales, Inc.*, 78 S.W.3d 157, 165 (Mo. App.2002).

▪ "A failure to substantially comply with Rule 84.04 preserves nothing for ap-

pellate review." *Burton v. Tucker*, 937 S.W.2d 775, 776[2] (Mo.App.1997). Allegations of error not properly briefed "shall not be considered in any civil appeal." Rule 84.13(a).

▪ If this court were to review Claimant's allegations, we would be acting as an advocate for her. This we will not do. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.banc 1978). An appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal. *Id.*

Accordingly, we dismiss the appeal.

BARNEY, J., and BATES, C.J. concur.

me for the wrong they put me through. I am set in my ways and am a self sufficient person and they made me lose my self-fulfillment that day. I am not an inferior person, or culpable. Due to the strain of

the conditions bestowed upon me, 'I beg your pardon.' I may not be smart; however I do have dignity. I was not going to go without a set up and I have had to deal with being discarded as useless."