In re the MARRIAGE OF Laura Lynne WEINSHENKER and Robert Michael Weinshenker.

Laura Lynne Weinshenker, Petitioner/Respondent,

v.

Robert Michael Weinshenker, Respondent/Appellant.

No. ED 85806.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 22, 2005.

Theodore S. Schechter, Anne E. Lageson, Clayton, MO, for respondent.

Eric F. Tremayne, Tremayne, Lay & Coleman, LLP, Clayton, MO, for appellant.

Before KATHIANNE KNAUP CRANE, P.J., LAWRENCE E. MOONEY, J., and BOOKER T. SHAW, J.

PER CURIAM.

Husband, Robert Michael Weinshenker, appeals from a *pendente lite* judgment (PDL) awarding temporary maintenance, attorney's fees, and costs to wife. Wife has filed motions to strike the brief, strike the reply brief, dismiss the appeal, and award damages for frivolous appeal. We dismiss this appeal because husband has not filed a record that complies with Rules 81.12 and 81.16 or a brief that complies with Rules 84.04 and 84.06. We order husband to pay wife's attorney $10,000, wife's attorney's fees incurred in this appeal, as sanctions for a frivolous appeal.

Husband's failure to comply with the rules of appellate procedure range from relatively minor to fundamental violations of Rules 81.12, 81.16, 84.04, and 84.06. We will briefly discuss these violations in each rule in the sequence the requirements are specified in the rule.

1. *The Record on Appeal*

On May 4, 2005, we notified husband that the record on appeal was overdue. We advised husband that unless he filed the record by May 19, 2005, the appeal would be dismissed. We also advised him that if he filed the record he must

accompany it with a motion to file out of time. Although husband filed the record by May 19, he did not accompany it with a motion to file out of time as directed by this court.[1] Failure to comply with court orders is grounds for dismissal of the action. *Farquhar v. Kansas City Rys. Co.*, 237 S.W. 866, 868 (Mo.App.1922); *Goodman v. Goodman*, 165 S.W.3d 499, 501 (Mo.App.2005).

Further, the record filed by husband fails to comply with Rule 81.12. "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). Husband is challenging the award of temporary maintenance and attorney's fees and costs. However, the record filed by husband does not contain essential pleadings and documents filed in the trial court on which the awards of temporary maintenance and attorney's fees were based. Although wife provided these documents in a supplemental legal file filed under Rule 81.12(c), husband is not relieved of his duty to compile the record. *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo.App.2001).

More importantly, husband has failed to file or deposit any of his original lettered exhibits with this court as required by Rule 81.16, even though he referred to several lettered exhibits in his brief and included photocopies of seven lettered exhibits in his appendix. "If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, the appeal must be dismissed." *Id.*

*2. The Brief*

■ In addition, husband's brief fails to comply with the briefing requirements of Rules 84.04 and 84.06. First, the table of authorities does not refer to the pages of the brief on which the cases and authorities are cited, as required by Rule 84.04(a)(1). *See In re Marriage of Shumpert*, 144 S.W.3d 317, 319 (Mo.App.2004); *Chang v. Lundry*, 117 S.W.3d 161, 164 (Mo.App.2003).

■ Second, the statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) requires the statement of facts to be a fair and concise statement of the facts relevant to the questions presented for determination without argument. *Shumpert*, 144 S.W.3d at 320. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App.1998). Husband's statement of facts does not comply with this standard. His statement of facts omits relevant facts supporting the trial court's findings and selectively recounts evidence that either contradicts evidence on which the trial court relied or discredits testimony or witnesses on which the trial court relied.

■ "[I]t was incumbent upon [appellant] to provide this court with a statement of the evidence in the light most favorable to the verdict, not simply recount [appellant's] version of the events." *Hoer v. Small*, 1 S.W.3d 569, 572 (Mo.App.1999). "The function of the appellant's brief is to explain to the Court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." *Evans v. Groves Iron Works*,

1. Husband did not file his motion on July 11, 2005, after wife filed a motion to dismiss, which was taken with the case.

982 S.W.2d 760, 762 (Mo.App.1998). Failure to comply with Rule 84.04(c) and provide a fair and concise statement of the facts is a basis for dismissal of the appeal. *Shumpert,* 144 S.W.3d at 320; *Lemay v. Hardin,* 108 S.W.3d 705, 709 (Mo.App. 2003).

■ Third, none of the eight points relied on complies with Rule 84.04(d)(1). That rule specifically requires a point to "state concisely the legal reasons for the appellant's claim of reversible error" and "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C). In addition, the rule provides a format for attorneys to follow in drafting a point. Husband's points do not state any legal reasons for each claim of reversible error nor do they explain in any fashion why, in the context of the case, any legal reason would support the claim of reversible error. "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Eddington v. Cova,* 118 S.W.3d 678, 681 (Mo.App.2003).

■ Fourth, the argument fails to comply with Rule 84.04(e). "An argument should show how principles of law and the facts of the case interact." *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App.2004). Point V has no supporting argument. The arguments under Points I–IV and VI, which challenge maintenance, consist of the inferences and conclusions husband believes should be drawn from the evidence, without legal analysis or citation to any legal authority explaining why those inferences and conclusions should be drawn. Instead, husband includes random citations 1) to cases in which maintenance awards were reversed without explaining how the grounds for reversal apply to this case, or 2) to cases in which denial of maintenance awards was affirmed under an abuse of discretion standard. Further, many of the cases cited either have inaccurate citations or contain no page citation to quoted material. "[I]t is not our duty or responsibility to spend judicial time searching through argument portions in an attempt to interpret the thrust of counsel's contentions." *Id.*

The arguments under Points VII and VIII, which challenge the award of attorney's fees, are only five lines long, and merely argue husband's conclusions that wife had the ability to pay for her own attorney (with a citation to a case affirming a *denial* of attorney's fees) and that the amount awarded was excessive (with a citation to a definition of abuse of discretion). Again, there was no attempt to explain how the facts of the case and principles of law interact.

Next, the argument does not contain a statement of the applicable standard of review for each claim of error as required by Rule 84.04(e). *See Shumpert,* 144 S.W.3d at 320. Instead, one standard of review appears at the beginning of the entire argument, which is not the appropriate standard of review for some of the rulings challenged.

■ Fifth, husband failed to comply with rules governing the appendix. Husband did not file an appendix with his brief, as required by Rule 81.04(h). On August 9, 2005, this court ordered husband to file an appendix within ten days or his appeal would be stricken. On September 6, 2005, this court again ordered husband

to file the appendix, this time by September 21, 2005, or his appeal would be dismissed. Husband did comply with this order, but that appendix does not comply with Rule 84.04(h). The appendix contains copies of seven exhibits. However, husband did not file the originals of those exhibits with the court. Although Rule 84.04(h) allows an appendix to contain copies of exhibits, the originals of those exhibits must be filed or deposited with the court, as required by Rule 81.16. Documents attached to a party's brief that are not part of the legal file are not considered on appeal. *Meyers v. Southern Builders, Inc.*, 7 S.W.3d 507, 511–12, n.6 (Mo.App. 1999).

Sixth, the brief has a Kelly green cover, in violation of Rule 84.06(f). We note this omission because first, the color-coding of brief covers is an important aid to court personnel who must properly handle, file, and locate thousands of briefs a year, and, second, husband never complied with this court's order to file an amended brief with a white cover.

### 3. *Dismissal*

■■■■■ The failure to substantially comply with Rules 81.12, 81.16, 84.04, and 84.06 preserves nothing for review. *Shumpert*, 144 S.W.3d at 321; *In re Marriage of Mahan*, 129 S.W.3d 874, 876–77 (Mo.App.2004). Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal."

[T]he deficiencies in husband's brief are such that we cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the trial court's findings and then refining and supplementing his points and legal argument. The numerous egregious and blatant violations of the Missouri Rules of Civil Procedure in husband's brief, taken together, make the brief inadequate to invoke the jurisdiction of this court, and the brief preserves nothing for review.

*Shumpert*, 144 S.W.3d at 321; *see also Mahan*, 129 S.W.3d at 876–77; *Eddington*, 118 S.W.3d at 682; *Chang*, 117 S.W.3d at 164; *Harrison v. Woods Super Markets, Inc.*, 115 S.W.3d 384, 387 (Mo.App.2003).

As a result of husband's multiple violations of the Missouri Rules of Civil Procedure, we dismiss his appeal. *Shumpert*, 144 S.W.3d at 321; *see also Mahan*, 129 S.W.3d at 875; *Davis v. Coleman*, 93 S.W.3d 742, 742–43 (Mo.App.2002).

### 4. *Sanctions*

■■■■■ In her motion to strike, wife also requests that damages be awarded to her for her costs in defending appellant's frivolous appeal. "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." Rule 84.19. "A frivolous appeal is one which presents no justiciable question and is so devoid of merit that there is little prospect that the appeal can succeed." *Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 756 (Mo.App.1993). The purpose of Rule 84.19 is to prevent congestion of appellate dockets with cases devoid of merit, and to compensate respondents for their costs incurred in responding to a meritless appeal. *Id.* at 757.

■■■■■ "An inadequate brief alone does not render an appeal frivolous; however, such a brief considered with the record may reflect that there is 'no debatable issue' to justify an appeal." *Id.* In this case, the "record does not reflect a good faith belief in the merits of this appeal." *Id.; see also Jensen v. Jensen*, 670 S.W.2d 16, 18–19 (Mo.App.1984). Wife filed four motions directed to the problems in husband's briefs, a respondent's brief, and a

supplemental legal file to correct the omissions in husband's legal file. Husband disregarded certain orders of this court requiring him to comply with the rules. "The failure of the appellants to present a justiciable question and to exhibit a professional effort to comply with the Rules of Civil Procedure bespeak of bad faith and cause us to find this appeal frivolous." *Vanschoiack v. Adkins,* 854 S.W.2d 432, 437 (Mo.App.1993); *see also Snelling,* 859 S.W.2d at 757.

Wife's motions to strike husband's brief and to strike the reply brief are denied as moot. Wife's motions to dismiss the appeal and for sanctions are granted. Wife's attorney has advised the court that wife has incurred $10,000 in attorney's fees in responding to this appeal.

The appeal is dismissed. We find the appeal frivolous and order that wife's attorney's fees in this appeal in the amount of $10,000 be charged against husband.