**Dennis WILLIAMS, Plaintiff–Appellant,**

v.

**Jerquique YASSINE, Raye A. Maupin, and State Farm Insurance Company, Defendants–Respondents.**

No. 26771.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 14, 2005.

Dennis Williams, Moberly, pro se.

Jerquique Yassine, Jefferson City, pro se. No brief filed.

Raye A. Maupin, Jefferson City, pro se. No brief filed.

Monte P. Clithero, Kevin M. FitzGerald, Springfield, for State Farm Insurance Company.

Before PREWITT, P.J., PARRISH, J., and RAHMEYER, J.

PER CURIAM.

Dennis Williams ("Appellant") brings an appeal from the dismissal with prejudice of his Petition for Damages brought against "State Farm Insurance Co." ("State Farm"), Jerquique Yassine, and Raye A.

Maupin. State Farm brought a motion to dismiss before the trial court claiming, *inter alia*, there was no legal entity named "State Farm Insurance," that the petition failed to state a cause of action for conspiracy, and that the petition failed to state a claim or cause of action against State Farm. Appellant filed an Answer vaguely claiming "they" (apparently referring to the other defendants) "lied in court as depositions from the Springfield police prove," that the other defendants were negligent in causing an accident, and that other defendants in the case held a State Farm policy but had moved out of state so State Farm must be held liable. We find that the Court could have properly dismissed the Petition on the basis that "State Farm Insurance Co." was not a legal entity, that Appellant had failed to state a claim for conspiracy, or that State Farm could not be sued directly for any claimed negligence on the part of its insureds.

A fuller rendition of the facts is not possible from Appellant's brief. His statement of facts consists of two sentences with no citations to the legal file. The Point Relied on (although not designated as such) states: "The trial court erred in dismissing the cause with prejudice when the case had been dismissed without prejudice on on [sic] 9–15–04." The argument simply contends that the court abused its discretion because "it robbed the Plaintiff's right to refile the case under Statute 516.230 RSMo that allows a case to be refiled within one year when its [sic] dismissed without prejudice." There is virtually no discussion of the issues raised in the motion to dismiss.[1] The judgment is affirmed.

---

1. Additionally, Appellant's brief fails to com-

ply with Rule 84.04, and a "failure to substan-

tially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker,* 937 S.W.2d 775, 776 (Mo.App. S.D.1997).