James SALMONS, Jr., Appellant,

v.

Tina RICH, Respondent.

No. WD 65617.

Missouri Court of Appeals,
Western District.

Nov. 14, 2006.

James Salmons, Jr., Fulton, pro se.

Jana Oestreich, Fulton, for respondent.

PAUL M. SPINDEN, Judge.

James Salmons, Jr., appeals the circuit court's judgment awarding $3000 in damages plus costs to him in an action in which he seeks to recover property and damages against Tina Rich, with whom Salmons cohabited for six years. Salmons contends that the amount of damages awarded was not "a fair settlement." Because of the woeful inadequacies of Salmons' brief, we dismiss his appeal.

■ Salmons appears *pro se.* Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment. *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App.2000). Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo. App.1999). This is especially true when, as is the situation in this case, "we cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the [circuit] court's finding and then refining and supplementing his points and legal argument." *In re*

*Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo.App.2004). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mutual Insurance Company,* 146 S.W.3d 456, 458 (Mo.App.2004).

■ Salmons' brief flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. His violations range from relatively minor to egregious. The failure to substantially comply with Rule 84.04 preserves nothing for review. *Anderson v. American Family Mutual Insurance Company,* 173 S.W.3d 356, 357 (Mo.App.2005).

Rule 84.04(a)(1) requires an appellant's brief to have "a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited[.]" Salmons' brief contains no such table. *See Shumpert,* 144 S.W.3d at 319; *Chang v. Lundry,* 117 S.W.3d 161, 164 (Mo.App. 2003).

■ Rule 84.04(a)(2) requires an appellant's brief to contain a jurisdictional statement. *See also* Rule 84.04(b). Salmons' brief contains no such statement. "A deficient jurisdictional statement fails to invoke the jurisdiction of the appellate court." *Shumpert,* 144 S.W.3d at 319.

■ Rule 84.04(a)(3) requires an appellant's brief to contain a statement of facts. Salmons' brief contains no such statement. Indeed, Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Missouri Highway and Trans-*

*portation Commission v. Taylor,* 839 S.W.2d 676, 678 (Mo.App.1992).

Although Salmons attempts to set forth points relied on, he does not follow these points relied on with an argument that "substantially follow[s] the order of the points relied on" as required by Rule 84.04(a)(5). Pursuant to Rule 84.04(e), the brief must contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 218 (Mo.App.1999). An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). When "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo. App.1999). Salmons' argument section of his brief contains no citations of relevant precedent or other authority.[1] When an appellant does not cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned. *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo.App.2002).

Salmons' argument also does not comply with Rules 84.04(e), which requires each point relied on to be "restated at the beginning of the section of the argument discussing the point." Salmons does not restate the points relied on, and his brief contains a single argument section without indicating which, if any, of the four so-called points relied on it pertains. Also, the argument does not contain a statement of the applicable standard of review for each claim of error as required by Rule 84.04(e). Instead, a section entitled "standard of review" appears at the end of Salmons' brief.

Salmons' brief also violates Rule 84.04(d)(5), which requires that each point relied on be followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." "The requirements of Rule 84.04(d) are mandatory and must be strictly applied." *Martin v. Circuit Court of the City of St. Louis,* 580 S.W.2d 307, 308 (Mo.App.1978) (citation omitted). Salmons' points contain no list of authorities on which he relies.

Given Salmons' failure to comply with Rule 84.04, we dismiss his appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Salmons' brief is so flagrantly deficient that we are not able to conduct a review of his case without becoming an advocate for him.

RONALD R. HOLLIGER, Presiding Judge, and LISA WHITE HARDWICK, concur.

---

1. Other than cases cited in a section entitled "standard of review," Salmons cites to only four cases. He cites these cases in a point relied on that Salmons acknowledges was not even an issue before the circuit court. In particular, Salmons requests this court to examine evidence, which was not presented to the circuit court, that Tina Rich allowed herself to be recognized to the public as his wife. We will not convict the circuit court of error on an issue that it was not accorded an opportunity to rule. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982), appeal dismissed, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983).