Debby TANGBLADE, Respondent,

v.

**LEAR CORPORATION,**
**Employer/Appellant,**

and

**Constitution State Service Company,**
**Insurer/Appellant.**

No. WD 59330.

Missouri Court of Appeals,
Western District.

Oct. 23, 2001.

Steven C. Effertz, Independence, for Respondent.

Lee M. Baty, A. Scott DeVouton, Randall W. Schroer, Kansas City, for Appellants.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, Presiding Judge.

Lear Corporation and Constitution State Service Company appeal from the decision of the Labor and Industrial Relations Commission (Commission) awarding workers' compensation benefits to the respondent, Debby Tangblade, for a work-related mental injury.

In their sole point on appeal, the appellants claim that the Commission erred in awarding temporary total disability benefits to the respondent for her claimed mental injury of major depressive disorder due to work-related stress because neither the facts found by the Commission nor the evidence in the record support the award in that they do not establish that the respondent's mental injury arose out of her employment, as required by § 287.120.1 and .8.[1]

We affirm.

**Facts**

The respondent was employed by Lear, a supplier of automotive parts, for approximately 22 years. Although the respondent had held several different positions with Lear, at the time that her alleged mental injury occurred, she was working as a shipping supervisor. In this position, she was directly responsible for overseeing 20 to 30 employees. Her regular duties involved maintaining inventory control for furnished goods, shipping and receiving goods, and overseeing the shuttle service. Prior to the fall of 1998, she typically worked around 8–hour days, but occasionally would be required to work anywhere from 14 to 18 hours per day. In mid-October of 1998, longer hours were implemented at Lear, resulting in a substantial increase in the respondent's duties during late 1998 and early 1999. She was asked to supervise an additional shift, in addition to helping organize a move to a new warehouse and implementing a new computer system, which involved training and troubleshooting.

The respondent's last day at Lear was May 4, 1999. Earlier that day, she was questioned by a supervisor about a timecard that she had signed. She also had to deal with a truck driver who was complaining about another employee who had shipped a product improperly. The respondent testified that on her last day, "something went wrong; her mind wouldn't think right." She proceeded to walk out of work and stood in the rain, screaming for an hour, before finally going home. She never returned to work following this incident.

On November 29, 1999, the respondent filed a claim for disability benefits with the Division of Workers' Compensation. She alleged that extraordinary and unusual

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

stress at work caused her to suffer a nervous breakdown and subsequent depression, which had left her permanently and totally disabled. Lear filed its answer to the claim on December 10, 1999. A hearing was held before an Administrative Law Judge (ALJ) on May 26, 2000, to determine whether the respondent sustained an accident arising out of and in the course of her employment with Lear.

At the compensation hearing, the respondent and her husband, Mark Tangblade, testified as to her work conditions and depression. The respondent also introduced deposition testimony from Dr. George Harris, who concluded that work-related stress caused her major depressive disorder. On their behalf, the appellants called several former co-workers of the respondent as witnesses. The appellants also introduced deposition testimony from their own medical expert, Dr. Michael Pronko, who concurred with the respondent's diagnosis of major depressive disorder, but did not believe that it was caused by workplace stress.

On July 7, 2000, the ALJ issued findings of fact upholding the respondent's claim, finding, *inter alia*, that she suffered from major depressive disorder which arose out of and in the course of her employment with Lear. The ALJ awarded the respondent temporary total disability benefits from May 4, 1999, through May 26, 2000, as well as temporary total disability benefits from May 27, 2000, into the future, as was necessary. In addition, the ALJ awarded her benefits for past medical expenses, along with benefits to compensate her for the current outstanding medical bills accumulated in connection with her mental injury, as well as continuing medical care.

On July 26, 2000, Lear and its workers' compensation carrier, appellant Constitution State Service Company, filed an application with the Commission for review of the ALJ's award. On October 26, 2000, the Commission adopted the findings of the ALJ and affirmed the award of benefits.

This appeal follows.

### Standard of Review

■ Our review is governed by § 287.495.1, which provides, in relevant part:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In reviewing a workers' compensation award under this statute, "we review the findings of the Commission and not those of the ALJ." *Sutton v. Vee Jay Cement Contracting Co.*, 37 S.W.3d 803, 807 (Mo. App.2000) (citation omitted). However, when "the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission." *Id.* (citation omitted).

■ In our review, we are bound by the factual determinations of the Commission and will only review questions of law. *Williams v. DePaul Health Ctr.*, 996 S.W.2d 619, 625 (Mo.App.1999). Thus,

with respect to our review of the Commission's decision, pursuant to § 287.495.1(3) and (4), we must determine whether its findings of fact support its award, under the law as we find it, and whether there is sufficient competent evidence in the record to support its findings. If we determine that the Commission's award is supported by sufficient competent evidence, then we must consider whether the award is against the overwhelming weight of the evidence, based on a review of all the evidence in the record, including that which opposes or is unfavorable to the award. *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 570 (Mo.App.1995). In considering the effect of all the evidence in the record, we view it in a light most favorable to the Commission's decision. *Id.* On appeal, we do not defer to the Commission on questions of law, but do defer to the Commission's findings of fact. *Williams*, 996 S.W.2d at 625. Absent any evidence of fraud, we will consider the Commission's findings of fact to be conclusive and binding. § 287.495.1.

## I.

In their sole point on appeal, the appellants claim that the Commission erred in awarding temporary total disability benefits to the respondent for her claimed mental injury of major depressive disorder due to work-related stress because neither the facts found by the Commission nor the evidence in the record support the award in that they do not establish that the respondent's mental injury arose out of her employment, as required by § 287.120.1 and .8. Specifically, the appellants claim, primarily relying on *Duncan v. Springfield R–12 Sch. Dist.*, 897 S.W.2d 108 (Mo.App. 1995), that: (1) even accepting as true the findings of fact by the Commission, those findings would not support the Commission's award of benefits for a mental injury under § 287.120.1, and .8, requiring the

respondent to prove that the alleged work-related stress she suffered caused her mental injury, in that the Commission's findings do not establish that the stress was a substantial factor in causing her condition, but merely a precipitating factor due to her "predisposition to depression"; and (2) even if the facts, as found by the Commission, are determined by us as supporting the award, with respect to the establishment of the requisite causal connection between the respondent's work-related stress and her major depressive disorder, there was not sufficient competent evidence in the record to support those findings of fact.

Pursuant to § 287.120.1, an employee is entitled to workers' compensation benefits for personal injury or death "by accident arising out of and in the course of his employment[.]" " 'Arising out of' means that a causal connection exists between the employee's duties and the injury. 'In the course of employment' refers to the time, place and circumstances of the injury." *Cruzan v. City of Paris*, 922 S.W.2d 473, 475 (Mo.App.1996) (*quoting Stockman v. J.C. Indus.*, 854 S.W.2d 24, 26 (Mo.App.1993)). As such, proof of the causal connection is what establishes that the condition for which compensation is sought arose out of employment. *Duncan*, 897 S.W.2d at 114 (citation omitted). Hence, to be entitled to workers' compensation benefits, the employee has the burden of proving, *inter alia*, that his or her injury was caused by a work-related accident. *Id.; Goleman v. MCI Transporters*, 844 S.W.2d 463, 465 (Mo.App.1992) (citation omitted).

A mental injury is compensable under the Workers' Compensation Law. *Rooks v. Trans World Airlines, Inc.*, 887 S.W.2d 671, 673 (Mo.App.1994) (*citing Tibbs v. Rowe Furniture Corp.*, 691

S.W.2d 410, 412 (Mo.App.1985)). With respect to establishing the requisite causal connection for a claimed "mental injury," § 287.120.8 provides:

Mental injury resulting from work related stress does not arise out of and in the course of employment, unless it is demonstrated that the stress is work related and was extraordinary and unusual. The amount of work stress shall be measured by objective standards and actual events.

Thus, to be entitled to benefits for her claimed mental injury of major depressive disorder, the respondent was required to prove that her condition was caused by work-related stress, which was extraordinary and unusual in nature, as measured by objective standards and actual events. *Id.; Williams,* 996 S.W.2d at 628.

■ An injury will be deemed to have arisen out of and in the course of employment only if:

. (a) It is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial factor in causing the injury; and

(b) It can be seen to have followed as a natural incident of the work; and

(c) It can be fairly traced to the employment as a proximate cause; and

(d) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life[.]

§ 287.020.3(2). Accordingly, a mental injury is not compensable, unless it can be shown that the alleged work-related stress was a substantial factor in causing the injury. *Bloss v. Plastic Enters.,* 32 S.W.3d 666, 672 (Mo.App.2000). Thus, it is not enough that the stress can be shown to be a "triggering or precipitating factor." *Id.*

at 671 (*citing* § 287.020.2; *Cahall v. Cahall,* 963 S.W.2d 368, 372 (Mo.App.1998)). However, recognizing that a work-related accident can be both a triggering event and a substantial factor in causing an injury, a mental injury triggered or precipitated by a work-related accident is nonetheless compensable provided it can be shown that the accident was a substantial factor in causing the injury. *Id.* (*citing Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852, 853 (Mo. *banc* 1999)).

In claiming that the Commission's findings and the evidence in the record do not support its award in that they fail to establish the necessary causal link between the respondent's alleged work-related stress and her mental injury, the appellants contend that the stress the respondent experienced at work merely "accelerated or contributed to a manifestation of [her pre-existing depressive mental] condition," and as such, was not a substantial factor, but solely a precipitating factor, in causing her condition. As noted, *supra,* in contending as they do, the appellants primarily rely on *Duncan v. Springfield R–12 Sch. Dist.,* 897 S.W.2d 108 (Mo.App.1995).

In *Duncan,* the employee, a teacher, sought benefits for a mental injury, which he alleged was caused by work-related stress resulting from his attempting to satisfy job performance requirements imposed by his supervisor. *Id.* at 110. In opposing the employee's claim, the employer argued that the work-related stress claimed by the employee did not cause his depression and anxiety disorder, but simply triggered the manifestation of a pre-existing mental condition. On this issue, there was conflicting medical testimony presented at the compensation hearing. *Id.* at 112–14. In that regard, the treating psychiatrist testified, in pertinent part:

[I]t's quite clear to me what the etiology of this man's depressive illness has been.

My feeling is that the depressive illness was going to occur in this man at some point in time in his life, it doesn't matter where he was working, and that whatever employment situation he might have been experiencing, it would have happened at that time.

*Id.* at 113. Relying on this evidence and similar evidence presented at the hearing, the Commission found that the employee's mental injury was not caused by stress at work and denied him benefits. *Id.* at 115. On appeal, the court affirmed, finding that the Commission's decision was supported by the record, despite the fact that there may have been evidence to support a finding of causation, recognizing that if there are conflicting medical theories as to causation, the issue is for the Commission to decide. *Id.*

■■■ The appellants would have us read *Duncan* as holding that if an employee previously suffered from the mental condition for which he or she is now claiming benefits, the alleged work-related stress could never be found under any circumstances to be a substantial factor in causing the condition, such that it would not be compensable. The appellants misread *Duncan.* In reading *Duncan*, it is clear that the court, in reaching its holding, relied on the fact that the Commission had before it substantial and competent evidence that the onset of the employee's complained-of mental condition was inevitable and, thus, was not caused by work-related stress. It did not hold that, as a matter of law, there are no possible circumstances under which it could ever be found that work-related stress is a substantial factor in causing a mental condi-

tion, where the employee is predisposed to such a condition or had previously been diagnosed as having the condition.[3] While it is true that a wholly idiopathic injury or condition that was merely precipitated by a work-related accident is not compensable, *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 528–29 (Mo. *banc* 1993), if it can be shown than the alleged work stress was a substantial factor in causing the onset of a condition or aggravating an existing condition, it is compensable. *Bloss,* 32 S.W.3d at 672; *Anderson v. Noel T. Adams Ambulance Dist.,* 931 S.W.2d 850, 854 (Mo.App.1996).

In *Bloss,* the employee's employer and its workers' compensation carrier claimed in their appeal from the Commission's award of benefits to the employee that her mental condition was not "directly, proximately and substantially" caused by her employment in that her mental condition was precipitated by her pre-existing dysfunctional personality. 32 S.W.3d at 672. This court, in affirming the Commission's award, recognized that a precipitating cause could also be a substantial cause of a mental condition and, as such, could be deemed to have arisen out of employment, even where the employee may have been predisposed to such condition to some extent or had suffered from it on some prior occasion, provided there was sufficient competent evidence to establish that the work-related stress alleged was a substantial factor in causing the present condition for which compensation was sought and not just a precipitating factor. *Id.*

■■■ Having found that the law is contrary to that asserted by the appellants,

**3.** It should be noted that the *Duncan* court, in holding as it did, passed on the issue of whether the mental injury provisions of § 287.120, subsections 8, 9, added by the legislature in 1992, effective some twenty months after the onset of the employee's al-

leged disability, were to be applied. *Duncan,* 897 S.W.2d at 111. Instead, it applied the "job related" test of *Wolfgeher v. Wagner Cartage Serv. Inc.,* 646 S.W.2d 781 (Mo. *banc* 1983). *Id.*

we now turn to the issue of whether the Commission's award of benefits is supported by its findings of fact and the evidence in the record, applying the law as we have found it. In that regard, there is no challenge to the Commission's finding, or the evidentiary support for the same, as to the work-related stress suffered by the respondent being extraordinary and unusual. The only dispute is with respect to the Commission's finding and the requisite evidentiary support in the record that the work-related stress complained of was a substantial factor in causing the respondent's mental injury of major depressive disorder.

 A detailed reading of the record reflects that there is some evidence from which it might be inferred that the respondent's difficult life experiences may have been contributing factors in causing her major depressive disorder. However, equally true is the fact that there is sufficient competent evidence in the record supporting the Commission's finding that the respondent's work-related stress was a substantial factor in causing her mental injury. In that regard, Dr. Harris testified, in pertinent part:

Q. And you don't necessarily have to go through all the details of what's in her prior history, it's listed in your report, but is there anything that you glean from your report or recall was significant about [the respondent's] prior history in terms of assessing what was causing her present condition?

A. Well, I don't know that there was anything that really struck me as highly relevant to the cause, to the issue of the cause of her current depression. She had been previously depressed and she certainly had had some difficult things in her life history, which probably make her more vulnerable to depression, but I don't think it would be fair to say that those things caused her depression. For example, a person might be abused as a child, but then go through a good portion of their adult life without being depressed and then depression will hit. We know that those people are more vulnerable to depression, but the proximate cause of the depression is really what's relevant for our purposes at hand and I think that that was the excessive work hours.

. . .

Q. . . . Now, Dr. Harris, just before our break, we were talking about whether there was anything in [the respondent's] medical history that was significant. As a general statement, is it correct that you didn't believe that her medical history was a reason for her current diagnosis of major depressive disorder?

A. I think that her history makes her vulnerable to depression, but I think that the cause of her most recent depression was her work stress caused by excessive hours.

Although there is no bright-line test or formula which sets out the requirements for what constitutes a substantial factor in determining causation in workers' compensation claims, it is well-settled that "a causative factor may be substantial even if it is not the primary or most significant factor" in causing the injury. *Cahall,* 963 S.W.2d at 372. Here, it was reasonable for the Commission not only to infer from Dr. Harris's testimony that the respondent's work-related stress was a substantial factor in causing her major depressive disorder, but the most significant factor in causing her mental injury. While the record would reflect that the appellants presented evidence from Dr. Michael Pronko that the respondent's condition was due to her predisposition to depression and not the work-related stress complained of, " '[w]here the right to compensation de-

pends upon which [of] two conflicting medical theories should be accepted, the issue is peculiarly for the Commission's determination.'" *Williams,* 996 S.W.2d at 631 (*quoting Landers v. Chrysler Corp.,* 963 S.W.2d 275, 282 (Mo.App.1997)). In that regard, the Commission found Dr. Pronko's testimony to be "less than credible," while according greater weight to the testimony of Dr. Harris, which it found to be "credible and believable[.]" A reviewing court may not substitute its judgment for that of the Commission's as to the issue of witness credibility. *Bloss,* 32 S.W.3d at 671.

Based upon our review, we find that the Commission's award of temporary total benefits to the respondent for major depressive disorder was supported by its findings and sufficient competent evidence in the record, and was not against the overwhelming weight of the evidence.

Point denied.

## Conclusion

We affirm the decision of the Commission awarding the respondent workers' compensation benefits under Missouri's Workers' Compensation Law, Chapter 287.

HOWARD and HOLLIGER, JJ., concur.