Lillie R. RICHMOND, Employee–Respondent,

v.

SPRINGFIELD REHAB & HEALTH-CARE, Employer–Appellant,

and

Skilled Health Facilities, Insurer–Appellant.

No. 25831.

Missouri Court of Appeals, Southern District, Division One.

July 12, 2004.

---

Matthew M. Hogan, Moser and Marsalek, P.C., Kansas City, MO, for appellant.

Larry J. Pitts, Springfield, MO, for respondent.

PHILLIP R. GARRISON, Judge.

Springfield Rehab & Healthcare ("Employer") and Skilled Health Facilities ("Insurer") (collectively referred to as "Appellants") appeal an order by the Labor and Industrial Relations Commission ("Commission") reinstating a claim for compensation filed by Lillie R. Richmond ("Claimant"). The appeal is dismissed for Employer's failure to comply with Rule 84.04.[1]

Claimant filed her original claim for compensation with the Division of Workers' Compensation ("the Division") on December 10, 2001. The Division scheduled a pre-hearing conference for April 30, 2002, at which neither Claimant nor her counsel appeared. According to Claimant,

---

1. All references to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

she did not receive notice of the hearing. On that same date, Claimant's counsel filed a motion to withdraw as her counsel. This motion was ultimately granted and listed Claimant's new address in the certificate of service portion of the motion. On June 20, 2002, the Division filed a notice to show cause why Claimant's claim should not be dismissed. The Division mailed the notice to Claimant's previous address, therefore she received no notice of the dismissal hearing scheduled for August 2, 2002. When Claimant failed to appear at the hearing, an "Order of Dismissal with Prejudice" was then issued on September 11, 2002. Claimant filed an "Application for Review" with the Commission in which she requested that the order of dismissal be set aside. The Commission remanded the matter to the Division for a hearing. After the hearing, the Commission held that Claimant "did not receive actual or constructive notice of the August 2, 2002, show cause hearing" as required by Section 287.520 and ordered that her claim be reinstated.[2] This appeal by Employer followed.

■ Violations of Rule 84.04 are grounds for a court to dismiss an appeal. *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App. E.D.1997). Rule 84.04(d)(2) explains that "[w]here the appellate court reviews the decision of an administrative agency," each point shall:

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error]." *Bamber v. Dale Hunt Trucking,* 107 S.W.3d 489, 490 (Mo.App. S.D.2003). Adherence to the requirements of Rule 84.04 provides "notice to the party opponent of the precise matters which must be contended with and answered," and facilitates the appellate process in that it provides for full advocacy. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Id.* If a point does not set forth what ruling is challenged, it does not preserve anything for review on appeal. *Id.* at 684–85.

■ Here, Employer's points relied on fail to comply with the requirements of Rule 84.04. The four points relied on in Employer's brief state:

I. THE LABOR AND INDUSTRIAL RELATIONS COMMISSION VIOLATED THEIR STATUTORY AUTHORITY SET FORTH IN R.S.MO. SECTION 287.495(1) BY ACTING IN EXCESS OF ITS POWERS BY FAILING TO RECOGNIZE THAT PROPER NOTICE WAS SENT TO RESPONDENT.

II. FAILURE TO NOTIFY THE DIVISION OF WORKER'S [sic] COMPENSATION OF CHANGE IN ADDRESS DOES NOT OBVIATE ANY BURDENS IMPOSED UNDER SECTION 287.520 AND

---

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

287.655 R.S.MO. AND 8 CSR 50–2.010.

III. THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ACTED IN EXCESS OF ITS STATUTORY POWER SET FORTH IN R.S.MO. 287.495(4) BY ISSUING A DECISION WHERE THERE IS NOT SUFFICIENT EVIDENCE TO SUPPORT THAT DECISION WHERE RESPONDENT FAILED TO NOTIFY THE DIVISION OF WORKERS' COMPENSATION OF CHANGE IN ADDRESS.

IV. THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ACTED IN EXCESS OF ITS STATUTORY POWER BY CHANGING THE LEGAL STANDARD BY WHICH A PARTY TO A WORKERS' COMPENSATION CASE MUST NOTIFY THE COURT OF A CHANGE OF ADDRESS.

First, none of Employer's points identify the administrative ruling or action it is challenging. *See* Rule 84.04(d)(2)(A). Second, Employer does not concisely state the legal reasons for its claims of reversible error, nor does it explain why those legal reasons support the claims. *See* Rule 84.04(d)(2)(B)-(C). "It is not sufficient to merely set out what the alleged errors are, as [Employer] has done in this case, without stating why the ruling is erroneous." *Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo.App. S.D. 1997). Employer's points preserve nothing for our review.

Further, Rule 84.04(e) requires the argument section of the brief to include a concise statement of the applicable standard of review. Employer's brief contains no such standard of review. Additionally, no case law is provided in support of Employer's argument. *See* Rule 84.04. "Under Rule 84.04, an appeal is deficient if an appellant fails to cite authority for a point or fails to specify which citations are unavailable." *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App. S.D.1999). Also, page references in support of Employer's various arguments are sporadic in the argument portion of the brief and non-existent in the statement of facts. *See* Rule 84.04(i); *Nishwitz v. Blosser*, 850 S.W.2d 119, 123 (Mo.App. E.D.1993).

Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merits thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'" *Thummel*, 570 S.W.2d at 686. "Courts should not be asked or expected to assume such a role." *Id.* For the foregoing reasons, Employer's appeal warrants dismissal due to violations of the rules of appellate procedure. *See Jones v. Jones*, 819 S.W.2d 773, 774 (Mo.App. E.D.1991).

Appellants' appeal is dismissed.

BARNEY, P.J., and PREWITT, J., concur.