Richard HENSON, Claimant–Appellant,

v.

Richard HENSON d/b/a Richard Henson Construction, Liberty Mutual Insurance Company, Employer/Insurer–Respondents,

and

Treasurer of Missouri as Custodian of the Second Injury Fund, Additional Party–Respondent.

No. 27479.

Missouri Court of Appeals,
Southern District,
Division One.

July 7, 2006.

Lawrence E. Ray, St. Robert, for Appellant.

Edward M. Vokoun, Richard E. Salmi, St. Louis, for Respondents Richard Henson Construction and Liberty Mutual Insurance Company.

Cara Lee Harris, Springfield, for Respondent Treasurer of the State of Missouri, as Custodian for the Second Injury Fund.

Before RAHMEYER, P.J., PARRISH, J., and LYNCH, J.

PER CURIAM.

This case arises out of a claim for workers' compensation benefits filed by Richard

Henson ("Appellant") claiming entitlement to workers' compensation benefits from Henson Construction Company ("Employer"), Liberty Mutual Group ("Respondent") and from the Second Injury Fund, based on an injury sustained in the course of employment on October 9, 1995. Appellant, a sole proprietor of Richard Henson Construction Company, claimed he applied for workers' compensation insurance from a Shelter Insurance agent, who could not provide the requested insurance. The Shelter agent was allowed to submit an application for insurance to the National Council on Compensation Insurance ("NCCI") to acquire an assigned risk pool policy for the insurance and did so. Appellant received workers' compensation insurance through Respondent and was subsequently injured on the job.

A hearing was conducted in which the issues were (1) whether Employer was a covered employer, (2) whether Appellant was a covered employee, (3) the nature and extent of disability, and (4) the liability of the Second Injury Fund. The administrative law judge ("ALJ") rendered a decision on June 3, 2005, finding that Appellant, as a sole proprietor, did not elect coverage as required under section 287.035.1 [1] and, therefore, was not a covered employee entitled to benefits under Chapter 287.

Appellant filed an Application for Review on June 16, 2005, and the Labor and Industrial Relations Commission ("the Commission"), with two members sitting, issued a Final Award Denying Compensation on December 23, 2005, which affirmed the decision of the ALJ and denied compensation. Appellant then filed a Notice of Appeal to this Court on January 13, 2006.

 Appellant addresses four points on appeal; however, because of fatal deficiencies in Appellant's brief, the appeal is dismissed without considering the merits of Appellant's argument.[2] Rule 84.04 [3] controls the basic rules for writing and filing appellate briefs. *Eddington v. Cova,* 118 S.W.3d 678, 680 (Mo.App. S.D.2003). Rule 84.04(d)(2) states:

> Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:
>
> (A) identify the administrative ruling or action the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: 'The [name of agency] erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review], in that [explain why, in the context of the case, the legal reasons support the claim of reversible error].'

Rule 84.04(d)(2). When a party appeals from an administrative decision, the point must identify the administrative ruling the appellant is challenging, concisely state the legal reasons for the appellant's claim of

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Respondent filed a motion to dismiss that was taken with the case; as noted herein, the motion is granted.

3. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

reversible error, and explain why the legal reasons support the claim of reversible error. *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 306 (Mo.App. W.D.2004); Rule 84.04(d)(2). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). "[T]he purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Eddington*, 118 S.W.3d at 681. The compliance with the Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 562 (Mo.App. W.D.2001).

Appellant commits the same or similar errors in each of his points, thus, in an effort to avoid repetition, we will first set forth all four of his Points.

Point I:

The workers' compensation commission erred when they heard oral arguments and decided the issues in the case with only two commissioners presiding after announcing at oral argument that the session was being recorded so that all three commissioners could participate when one was not physically present [at the oral argument].

Point II:

The workers' compensation commission erred in denying [Appellant] benefits by failing to follow and enforce the state regulations regarding the assigned risk insurance system.

Point III:

The workers' compensation commission failed to hold [Respondent] and the [NCCI] responsible for failing to follow state rules or regulations on implementing [Appellant's] insurance coverage as agent for the insurance carrier [Respondent].

Point IV:

The Second Injury Fund should be liable for preexisting disability that hinders employment.

Point I, arguably, complains that the Commission erred in hearing oral arguments and deciding the issues, but the failure to state the legal reason for the error makes the complaint of the ruling meaningless. As noted, Point I fails to provide any insight into the legal reason for claimed error. It is not clear whether Appellant is claiming there is legal error in holding oral arguments with two commissioners or if the legal error was the announcement that the argument would be recorded for the benefit of the third commissioner. Only Point II claims a broad category of error in denying benefits, however, the failure to state a valid legal reason for error in denying benefits creates a decisive flaw in the point. Point II portends to find fault with the Commission's failure to award benefits but adds by "failing to follow and enforce the state regulations regarding the assigned risk insurance system" to the claim of error. If "failing to follow state regulations" is supposed to be the legal reason for error, the point fails to give the precise administrative ruling on which state regulation the Commission is accused of failing to follow.

Likewise, Point III posits error for failing to hold Respondent and a non-party responsible for failing to follow state rules or regulations, but does not state the *legal reason* for its claim of reversible error. There is no claim of a legal reason for error in Point IV at all. It is not sufficient to merely set out what the alleged errors

are without stating why the ruling is erroneous. *Murphy v. Aetna Cas. & Sur. Co.,* 955 S.W.2d 949, 950 (Mo.App. S.D.1997). Points III and IV fail to state any administrative ruling that is challenged.

Significantly, none of the four points "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2)(C). We are provided almost no insight into the facts of this case which support a claim of an error in administrative agency ruling or action. This Court "must be informed wherein the testimony or evidence gives rise to the ruling for which [A]ppellant contends." *Murphy,* 955 S.W.2d at 950 (quoting *Thummel,* 570 S.W.2d at 685).

■ Additionally, Rule 84.04(e)[4] requires that the argument section of the brief include a concise statement of the applicable standard of review, which Appellant's brief fails to do. The standard of review is, again, not just a legal technicality; it would have provided guidance to Appellant in determining whether he had a claim of legal error. We might overlook minor technical deficiencies in the form of the point and the lack of a standard of review, but these deficiencies, combined with the defective arguments, hinder any meaningful review. A submission of error without reasoned argument does not allow the reviewing court to make a decision. *Eagle ex rel. Estate of Eagle v. Redmond,* 80 S.W.3d 920, 924 (Mo.App. W.D.2002).

■ A preliminary analysis of Appellant's argument illustrates the magnitude of the deficiencies in each point. For Point I, this Court is given no guidance whether any law mandates that three commissioners must hear an oral argument, if such a mandate could be waived, or if this claim of error is an issue of jurisdiction. If this Court were to attempt to adjudicate the first point on our interpretation of the issue, the argument would not assist us; it consists of four paragraphs and fails to explain the point relied on or support its position with case law. An appeal is deficient if the appellant fails to cite authority for a point or fails to specify which citations are unavailable. *Richmond v. Springfield Rehab & Healthcare,* 138 S.W.3d 151, 154 (Mo.App. S.D.2004).

Like his first point, Appellant's second point fails to state which state regulations he has complaints with regarding assigned risk insurance system, how the claimed noncompliance affects the resolution of this case, and in what way this particular law would relate to his facts. Further, at no time does the argument section address the state regulations in any fashion but merely contends that an "ambiguous" form was submitted to the insurer. Appellant provides no guidance as to why the form violated the state regulation, nor provides any law as to the legal effects of an allegedly defective form. He simply notes that a newer application form was available for use at the time the insurance was procured than the one actually submitted to NCCI. Furthermore, Appellant did not explain how any alleged negligence on the use of the form by NCCI could be legally imputed to Respondent.

Similar to Appellant's first two points, his third argument fails to support an allegation made in the point relied on. His claim appears to be that the Commission failed to hold Respondent and NCCI responsible for following state rules or regulations. In addition to failing to note which state rules and regulations were not

---

4. Rule 84.04(e) states in pertinent part:

The argument shall also include a concise statement of the applicable standard of review for each claim of error.

484

followed, we are provided no guidance as to how the "Workers' Compensation Commission" has the legal authority to hold NCCI liable, particularly, since NCCI is not even a party to this litigation. Appellant fails to explain how he arrived at his proposed remedy of providing workers' compensation benefits to a particular claimant as the appropriate sanction for a supposed violation of a state rule or regulation. More importantly, he again provides no law to support his proposition that the Commission has the power to hold NCCI responsible for following state rules or regulations or what regulations Respondent failed to follow, nor does he state this is a case of first impression. *Richmond,* 138 S.W.3d at 154.

Finally, as to Point IV, Appellant's broad statement of public policy concerning the need for the Second Injury Fund to be liable for preexisting injuries has no bearing in this Court. Appellant does not even contend there is some sort of error on the part of the Commission as no administrative ruling is challenged. Appellant has not attempted to provide the legal reason for any claim of error or how that legal reasoning would support a claim of reversible error in the context of this case. We are not provided with any facts supporting Appellant's claim of preexisting disabilities. His argument is seven sentences and consists of a statement of law that an employer-owner cannot also be an employee. There is simply no way to prove or disprove his policy statement from the record and, thus, we have no way to review his claim that the Second Injury Fund should be liable for preexisting disability that hinders employment.

The deficiencies in Appellant's brief are such that this Court cannot competently rule on the merits of Appellant's arguments without refining and supplementing Appellant's legal argument. The failure to properly state the points relied on indicates a lack of understanding of the appellate function and process. *Thummel,* 570 S.W.2d at 686. The appellate court is a court of review. *Id.* It is not our function as an appellate court to serve as advocate for any party on appeal. *Id.* As noted, such an undertaking is inappropriate not only because it requires considerable time and judicial resources, but because it forces this Court to don the cap of advocacy while forsaking our traditional appellate role. *Eddington,* 118 S.W.3d at 681–82. Because of failure to adhere to the briefing requirements of Rule 84.04, Appellant has preserved nothing for review and this appeal is dismissed.