Nancy CLAYTON, Claimant–Appellant,

v.

LANGCO TOOL & PLASTICS, INC.,
Employer–Respondent,

and

Fremont Insurance Company, and Missouri Insurance Guaranty Association, Insurers–Respondents.

No. 28145.

Missouri Court of Appeals,
Southern District,
Division Two.

May 14, 2007.

Michael Moroni, Burns Taylor Heckemeyer & Green, L.L.C., Cape Girardeau, MO, for appellant.

Julie L. Petraborg, E. Joye Hudson, Simon & Early, P.C., St. Louis, MO, for respondents.

GARY W. LYNCH, Judge.

Nancy Clayton ("Claimant") filed a claim for workers' compensation benefits, alleging she sustained a work-related injury to her lower back in an accident at work while employed by Langco Tool and Plastics ("Employer"), in Oran, Missouri, on October 26, 1999. Employer contested her claim. A final award hearing was held on December 5, 2005, before an Administrative Law Judge ("ALJ") of the Division of Workers' Compensation ("Division"). On March 13, 2006, the Division issued its decision denying compensation, finding that Claimant "failed to meet her burden of proof on the issues of accident and medical causation." Upon Claimant's application for review, the Labor and Industrial Relations Commission ("Commission"), with one member dissenting, issued its final award denying compensation, adopting and affirming the Division's decision by the ALJ. Claimant now appeals. We affirm.

## 1) *Standard of Review*

"In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ." *Banks v. Springfield Park Care Center*, 981 S.W.2d 161, 163 (Mo.App. 1998). Where, as here, the Commission's award attached and incorporated the ALJ's award and decision, we consider the findings and conclusions of the Commission as including the ALJ's award. *Id.*

Upon review, an appellate court may modify, reverse, remand for rehearing, or set aside the award of the Commission only if it determines that the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant making the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003). We examine the whole record in order to determine whether there is sufficient competent and substantial evidence to support the award. *Id.* at 223. "[W]e must determine whether the Commission reasonably could have made its

findings and reached its result based upon all of the evidence before it." *Fitzwater v. Dept. of Public Safety,* 198 S.W.3d 623, 627 (Mo.App.2006). However, "we defer to the Commission on issues involving the credibility of witnesses and the weight to be given testimony, and we acknowledge that the Commission may decide a case 'upon its disbelief of uncontradicted and unimpeached testimony.'" *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 (Mo. banc 1993) (quoting *Ricks v. H.K. Porter, Inc.,* 439 S.W.2d 164 (Mo.1969)). Therefore, our review is limited in that it "does not extend to issues of witness credibility." *Blackwell v. Puritan–Bennett Corp.,* 901 S.W.2d 81, 86 (Mo.App.1995).

## 2) *Discussion*

■ "The burden is upon Claimant to prove that injury 'arose out of and in the course of employment.'" *Smith v. Donco Constr.,* 182 S.W.3d 693, 699 (Mo.App. 2006). Here, the record discloses that Claimant is the sole source of information as to the events giving rise to her alleged accident at work on October 26, 1999. Her hearing testimony as to the events on that date varied in many respects from numerous statements Claimant made to several different medical professionals within weeks after October 26, 1999, and over the course of the next six years. In order to decide whether an accident occurred on the day in question the Commission was required to either believe or disbelieve Claimant's hearing testimony. In addressing Claimant's allegation that an accident occurred, the Commission found "that [Claimant's] version of her alleged work accident of October 26, 1999 is neither credible nor persuasive." Without belief in her testimony the Commission found that Claimant failed to carry her burden of proof that a work-related accident occurred.

■ In her first point relied on, Claimant contends that the Commission's finding that she failed to meet her burden of proof as to the occurrence of a work-related accident is against the overwhelming weight of the evidence and is, therefore, not supported by substantial evidence, because it failed to give the proper weight to two adverse evidentiary inferences and it improperly relied upon "perceived inconsistencies in the Claimant's statements to physicians." The alleged applicability of the adverse evidentiary inferences is premised upon the Commission's belief of Claimant's testimony that she gave a handwritten statement to her employer and that she told the employer the details of the alleged accident. However, the Commission's specific disbelief of Claimant's testimony as to the occurrence of an accident implicitly supports the inapplicability of both inferences.

Thus, for all intents and purposes, Claimant's first point relied on simply challenges the Commission's credibility determination as to Claimant's testimony. This is so because Claimant's testimony is the only evidence in the record supporting both her burden of proving the occurrence of a work-related accident and the application of the asserted adverse evidentiary inferences. In other words, Claimant contends that the Commission erred in finding that her testimony was not credible because it did not give proper weight to the two adverse evidentiary inferences and improperly found and relied upon inconsistencies in her testimony. Implicit in this contention is the assumption that if the Commission had given the proper weight to the two adverse evidentiary inferences and had not found or relied upon any inconsistencies in her statements to physicians, it would have found her testimony credible and she would have thereby satis-

fied her burden of proving the occurrence of a work-related accident.

 Unfortunately for Claimant, she has failed to present a claim of error for which we have authority to review. Under our standard of review, by which we are constitutionally and statutorily bound, the credibility of a witness' testimony is solely within the purview of the Commission to which we must defer. *Alexander,* 851 S.W.2d at 527. Even, if we found that the Commission erred in the manner Claimant alleges, that would simply leave Claimant's testimony standing as uncontradicted and unimpeached, a status which the Commission was still free to disbelieve. *Id.* "The Commission is the sole judge of the credibility of witnesses and the weight and value to give to the evidence." *Blackwell,* 901 S.W.2d at 85. Where competent evidence or permissible inferences conflict, "the choice rests with the Commission and is binding upon this court." *Montgomery v. Mo. Dept. of Corrections and Human Resources,* 849 S.W.2d 267, 271 (Mo.App. 1993), *overruled on other grounds by Hampton,* 121 S.W.3d at 229. Appellate review of an award by the Commission is limited and does not extend to issues of witness credibility. *Blackwell,* 901 S.W.2d at 85. Point one is denied.

### 3) *Decision*

Our resolution of Claimant's first point renders consideration of her second point—failure to prove medical causation— moot. Therefore, the decision of the Commission is affirmed.

GARRISON and BARNEY, JJ., concur.