Phillip HURN, Respondent

v.

SCHOEN EQUIPMENT, INC., Appellant.

No. 28682.

Missouri Court of Appeals, Southern District, Division One.

May 28, 2008.

Bart E. Eisfelder, Christopher D. Werner, Foland, Wickens, Eisfelder, Roper & Hofer, P.C., Kansas City, for Appellant.

Ronald G. Sparlin, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Respondent.

JOHN E. PARRISH, Presiding Judge.

Schoen Equipment, Inc., (Schoen Equipment) appeals an award by the Labor and Industrial Relations Commission (the commission) of workers' compensation benefits to Phillip Hurn (claimant). This court affirms.

Schoen Equipment is in the business of sales and service of John Deere farm equipment. Claimant contacted Jim Schoen, the business's general manager, seeking employment. Claimant had heard that Schoen Equipment was looking for someone to paint some buildings. Jim Schoen hired claimant. He told claimant that they would discuss permanent employment by Schoen Equipment after the painting was completed.

The agreement that claimant and Jim Schoen reached was that claimant would be paid $8.00 per hour. Claimant did not purchase or provide any supplies or equipment that was used in the painting. Ladders used in the painting were taken from a warehouse at Schoen Equipment.

Claimant did not work a set schedule, but recorded the hours he worked on a scratch pad. He could work during or after Schoen Equipment business hours. He was paid upon making requests to Mr. Schoen by telling Mr. Schoen how many hours he had worked. Claimant was paid in cash. He was always paid by Mr. Schoen in Mr. Schoen's office at Schoen Equipment.

Claimant was injured in a fall from a ladder while painting a building at Schoen Equipment on September 11, 2003. He sustained an injury to his left knee that required surgery and rehabilitation.

Claimant had painted three buildings at the time of the injury. One was a red barn on Jim Schoen's mother's property. The others were on Schoen Equipment business premises. The buildings other than the barn were owned by Schoen Investment Corporation. Schoen Equipment rented each of the buildings. Schoen Equipment was required to maintain the buildings as part of the terms of its rental agreements.

Claimant sought workers' compensation benefits for his injury. Schoen Equipment and claimant entered into a stipulation regarding the nature and extent of claimant's disability. Schoen Equipment contested whether claimant was an employee at the time of the injury and whether the injury arose out of and in the course of employment by Schoen Equipment.

The commission found that "on September 11, 2003, [claimant] sustained an injury by accident, which arose out [sic] and in the course of his employment with [Schoen Equipment]." It found that the injury occurred as a consequence of claimant fall-

ing off a ladder while engaged in painting a building for Schoen Equipment; that Schoen Equipment and its insurer were liable to claimant for benefits.

▮ Schoen Equipment and its insurer were ordered to pay past medical expenses. Claimant was awarded temporary total disability benefits for 21 weeks. He was awarded, pursuant to the parties' stipulation, 28 weeks of permanent partial disability on the basis of 17.5 percent of the left lower extremity attributable to the injury to claimant's left knee.

Upon review, an appellate court may modify, reverse, remand for rehearing, or set aside the award of the Commission only if it determines that the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant making the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo.banc 2003). We examine the whole record in order to determine whether there is sufficient competent and substantial evidence to support the award. *Id.* at 223. "[W]e must determine whether the commission reasonably could have made its findings and reached its result based upon all of the evidence before it." *Fitzwater v. Dept. of Public Safety*, 198 S.W.3d 623, 627 (Mo.App.2006). However, "we defer to the Commission on issues involving the credibility of witnesses and the weight to be given testimony, and we acknowledge that the Commission may decide a case 'upon its disbelief of uncontradicted and unimpeached testimony.'" *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 527 (Mo.banc 1993) (quoting *Ricks v. H.K. Porter, Inc.*, 439 S.W.2d 164 (Mo.1969)).

*Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 491–92 (Mo.App.2007).

▮ Schoen Equipment's appellant's brief asserts five points on appeal. Each point is directed to aspects of the commission's finding that claimant was an employee of Schoen Equipment. Each point on appeal contends the particular issue it questions was not supported by sufficient evidence to warrant the commission's award. None of the points, however, explain, in the context of the case, why the evidence was insufficient. The points do not comply with Rule 84.04(d)(2)(C). A point on appeal that asserts there is insufficient evidence to support the judgment or award that is appealed without explaining why the evidence is insufficient presents nothing for appellate review. *Blackwelder v. Blissett*, 861 S.W.2d 343, 344 (Mo.App.1993). Violations of Rule 84.04 are grounds for dismissal of an appeal. *Richmond v. Springfield Rehab & Healthcare*, 138 S.W.3d 151, 153 (Mo.App.2004); *M.C. v. Yeargin*, 11 S.W.3d 604, 611 (Mo. App.1999).

This court, nevertheless, has reviewed the record *ex gratia* and finds that the order of the commission is supported by competent and substantial evidence. No error of law appears. Further opinion would have no precedential value. The award is affirmed in compliance with Rule 84.16(b).

BATES and SCOTT, JJ., concur.