Cindy **REYNOLDS–BYERS**, Appellant,

v.

**BLUE CROSS AND BLUE SHIELD OF MISSOURI, Zurich North American Insurance, and Treasurer of Missouri as Custodian of The Second Injury Fund, Respondents.**

No. SD 29418.

Missouri Court of Appeals, Southern District, Division One.

June 16, 2009.

Petition for Rehearing or Transfer Denied July 8, 2009.

Application for Transfer Denied Sept. 1, 2009.

---

John O. Newman, Newman Law Firm, Springfield, MO, for Appellant.

Jerry A. Harmison, Jr., Brooke Smith, Harmison & Pearman, P.C., Springfield, MO, for Respondents Blue Cross and Zurich.

DANIEL E. SCOTT, Presiding Judge.

Cindy Reynolds–Byers ("Claimant"), a customer service representative for Respondent Blue Cross and Blue Shield ("Employer"), appeals the denial of workers' compensation benefits. We affirm.

Claimant felt sharp neck pain at work one Monday, resulting from no specific task or movement, followed by some neck stiffness. She called in sick Tuesday, worked Wednesday and Thursday, and called in sick Friday.

The next Monday, Claimant told Employer that she had spasms in her left arm. She was taken off work, paid temporary total disability, and sent to doctors. After Dr. Thomas Corsolini diagnosed a herniated disc unrelated to work, Employer ceased benefits. Claimant had disc surgery under Employer's health insurance and filed a workers' compensation claim. The administrative law judge found Dr. Corsolini more credible than Claimant's expert and denied the claim.[1] The Labor

---

1. Neither expert said that Claimant's herniated disk was work related; but Claimant's expert also diagnosed a cervical syndrome which Dr. Corsolini disputed. The ALJ deemed Dr. Corsolini more credible.

and Industrial Relations Commission unanimously affirmed and adopted the ALJ's decision.[2]

On appeal, Claimant contends there was insufficient competent evidence to warrant a denial of benefits. This complaint, even if appropriate,[3] fails because Dr. Corsolini's testimony supports the award. Claimant's citation to her contrary evidence disregards our principles of review:

"With regard to factual issues, the appellate court defers to the ... Commission's decisions regarding the weight given to witnesses' testimony, and is bound by the Commission's factual determinations when the evidence supports either of two opposing findings." *Kent [v. Goodyear Tire and Rubber Co.,* 147 S.W.3d 865] at 868 [(Mo.App.2004)]. " 'The acceptance or rejection of medical evidence is for the Commission.' " *Russell [v. Invensys Cooking & Refrigeration,* 174 S.W.3d 15] at 23 [(Mo.App. 2005)] (quoting *Sullivan v. Masters Jackson Paving Co.,* 35 S.W.3d 879, 884 (Mo.App.2001)). Furthermore, as a reviewing court, we "may not substitute [our] judgment for that of the Commission's as to the issue of witness credibility." *Tangblade v. Lear Corp.,* 58 S.W.3d 662, 670 (Mo.App.2001). It has long been held that " '[t]he fact finder may reject all or part of an expert's testimony.' " *Russell,* 174 S.W.3d at 23 (quoting *Bennett v. Columbia Health. Care,* 134 S.W.3d 84, 92 (Mo.App.2004)). "We will uphold the Commission's 'decision to accept one of two conflicting medical opinions' if such a finding is

supported by competent and substantial evidence." *Id. (quoting Birdsong v. Waste Mgmt.,* 147 S.W.3d 132, 137 (Mo. App.2004)).[4]

*Kuykendall v. Gates Rubber Co.,* 207 S.W.3d 694, 706 (Mo.App.2006). We deny Claimant's point and affirm the award.

BARNEY, and BATES, JJ., concur.

2. We review the ALJ's award as that of the Commission. *See Casteel v. General Council of Assemblies of God,* 257 S.W.3d 160, 162 (Mo.App.2008).

3. Claimant admits she had the burden to prove her claim. The award reflects the ALJ and Commission's opinion that she did not do

so. It was Claimant—not the Commission, ALJ, or Employer—who needed more or better evidence.

4. *Sullivan* and *Tangblade* are among scores of cases partially overruled on an unrelated issue by *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 224–32 (Mo. banc 2003).