Arsenio ARCIGA, Appellant,

v.

AT & T, Respondent.

No. WD 74226.

Missouri Court of Appeals, Western District.

May 9, 2012.

Keith Mark, Mission, KS, for Appellant.

Thomas Clinkenbeard, Kansas City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

Arsenio Arciga appeals the Labor and Industrial Relations Commission's decision denying him workers' compensation benefits. He claims that the Commission's determination that he failed to prove that, on February 23, 2010, he suffered an accident arising out of his employment with AT & T, was not supported by substantial evidence. We affirm.

In February 2010, Arciga worked as a systems technician for AT & T. On February 23, 2010, Arciga's supervisor, Matthew Perry, contacted him and instructed him to travel to a nearby location where a company truck driven by a co-worker, Shane Curphey, had become mired in the mud. According to Arciga, when he arrived at the location, he positioned himself behind Curphey's truck, and he attempted to lift and push the back of the truck while Curphey pressed on the accelerator in an effort to move the truck forward. While engaged in this activity, Arciga says that he injured both of his shoulders and that he has been in varying degrees of shoulder discomfort ever since February 23, 2010. Arciga admitted that he did not immediately notify his employer about the

incident and that he continued to perform his regular job duties. Arciga said that his daily job duties included carrying equipment up a ladder, carrying ladders themselves, and carrying a heavy bag that contained his laptop computer and other assorted tools necessary to perform his job duties. Arciga contended that his daily exposure to these carrying and lifting requirements of his position resulted in an ongoing daily worsening of his shoulder symptoms.

In mid-March 2010, Arciga talked with Perry about the shoulder discomfort he was experiencing, but, according to Perry, Arciga did not say anything about how he hurt his shoulder and did not make any reference to an on-the-job injury.[1] Perry said that Arciga merely mentioned that he was experiencing discomfort in his right shoulder. Perry suggested that Arciga see a chiropractor.

On April 26, 2010, Arciga went to Bateman–Gatrost Chiropractic Clinic. On the Patient Information form, in response to the question as to how the injury occurred, Arciga filled in this response: "possibly carrying equipment up and down ladders." Arciga did not say anything about hurting his shoulder while lifting and pushing his fellow employee's truck. During this meeting with the chiropractor, the chiropractor told Arciga that he should go see an orthopedic surgeon.

Following the visit to the chiropractor, Arciga again spoke with Perry. Perry said that Arciga told him that the chiropractor said he was not going to treat him and that he would need to see a doctor.

Arciga asked Perry if he could file a workers' compensation claim. When Perry asked Arciga for what incident would he file a workers' compensation claim, Arciga said that he was not sure. Arciga asked Perry if he could just charge it to any job accident, and Perry told Arciga that they would be committing fraud and that they could not just charge it to any job. A day or two later, Arciga again talked to Perry. According to Perry, it was then that Arciga claimed that he injured himself on February 23, 2010, when he attempted to help Curphey get his truck out of the mud. Arciga told Perry that he wanted to initiate the workers' compensation process.

Curphey acknowledged that Arciga did come to his aid on February 23, 2010, but, when asked whether Arciga ever got behind his truck and lifted it while Curphey was "in the truck revving the tires," Curphey said, "Not that I know of. I[was] not aware of him being behind my truck." Curphey said that he did not think Arciga's getting behind the truck and lifting the bumper was a viable option given how deeply mired the truck was in the mud.[2] Curphey said, "[T]hat seems silly to me to do that.... A person wouldn't have done any good[.]" Curphey said that, to get his truck out of the mud, he and Arciga attempted to hook up a tow rope from the front of Curphey's truck to the rear of Arciga's vehicle. According to Curphey, they attempted to use the tow rope three times, but the rope kept breaking. After the third failed attempt, Curphey called for a tow truck, and Arciga left. Curphey said that he thought Arciga "was clean"

---

1. Arciga testified that he told Perry that his injury to his shoulder resulted from his helping Curphey to get his truck out of the mud. He said that he also told Perry that he felt like his other job duties such as carrying the ladder and other equipment were hurting his shoulders. Arciga said that he did not start the process for a workers' compensation claim because he was hoping that his shoulders would get better and that the pain would go away.

2. According to Curphey, the back tires of the truck were roughly six to eight inches deep in mud.

when he left. According to Curphey, if a person had gotten behind his truck while he "revved his tires," he would have been "completely drenched" with mud and water.

Arciga filed a claim for compensation with the Division on May 11, 2010. The Division's administrative law judge (ALJ) held a hearing on Arciga's claim on October 26, 2010. The ALJ found that Arciga failed to meet his burden of proving that, on February 23, 2010, he suffered an accident arising out of his employment with AT & T. Therefore, the ALJ denied Arciga's claim. The Commission affirmed the ALJ's decision and attached and incorporated the ALJ's award and decision to its final award. Arciga appeals.

■ We review the findings of the Commission and not those of the ALJ. *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 491 (Mo.App.2007). However, where the Commission's award attaches and incorporates the ALJ's award and decision, as in this case, we consider the findings and conclusions of the Commission as including the ALJ's award. *Id.* This court may modify, reverse, remand for rehearing, or set aside the award of the Commission only if it determines that the Commission acted in excess of its powers, that the award was procured by fraud, that the facts found by the Commission do not support the award, or that there was not sufficient competent evidence in the record to warrant making the award. § 287.495.1, RSMo 2000.

■ To determine whether there is sufficient competent and substantial evidence to support the Commission's award, we examine the evidence in the context of the whole record. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). The Commission is free to believe or disbelieve any evidence, and we defer to the Commission's credibility determinations. *Clark v. Harts Auto Repair,* 274 S.W.3d 612, 617 (Mo.App.2009). Arciga has the burden of proving all essential elements of his claim. *Bond v. Site Line Surveying,* 322 S.W.3d 165, 170 (Mo.App.2010). Proof of "accident" is one of the essential elements that must be proven. *Tangblade v. Lear Corp.,* 58 S.W.3d 662, 666 (Mo.App.2001), *overruled on other grounds by Hampton,* 121 S.W.3d at 225.

■ In making its conclusion that Arciga failed to prove that, on February 23, 2010, he suffered an accident arising out of his employment with AT & T, the Commission relied on two things. First, the Commission stated, "Curphey testified that while Arciga did respond to help with the stuck truck, he did not attempt to lift the vehicle from behind." Second, the Commission relied on the fact that "[t]he chiropractic note from April 26, 2010, [did] not reference a lifting incident of February 23, 2010, but rather carrying equipment up and down ladders." The Commission, therefore, concluded: "The inconsistent testimony of Curphey and Arciga, coupled with the failure to mention the February 23, 2010 injury in Arciga's initial medical forms cast doubt on Arciga's version of events. Accordingly, [the Commission] cannot find that Arciga sustained an accident on February 23, 2010." [3]

---

**3.** The Commission also noted that, although other work activities were mentioned, no physician "made a reference identifying [these other work activities] as 'prevailing factors' in the current need for treatment nor is there any effort to isolate or apportion the contribution made between the February 23rd event and general repetitive use activities." Further, the Commission said that "the balance of evidence does not sufficiently inform the Court so as to allow for recovery under some other theory of injury, exclusive of the February 23, 2010 occurrence."

Arciga argues that because Curphey testified that he *did not recall* Arciga pushing or attempting to lift his truck out of the mud, Curphey's testimony did not contradict Arciga's testimony. Therefore, Arciga contends that the Commission's conclusion that he did not push or attempt to lift the vehicle from behind is without any substantial or competent support in the record. We disagree.

We acknowledge that on cross-examination Curphey stated that he did not recall whether Arciga got behind the vehicle and tried to push it out. Curphey said, "I'm not going to say he lying about that, but I don't recall any of that." Curphey, however, said, "I don't recall it, but it ... sounds silly to me[. I]t was really muddy and really nasty out there.... I don't know why we would get behind-I mean, it was-it was seriously stuck when I got there." Further, on redirect examination, Curphey said that it "seems like I would" remember if Arciga had gotten behind the truck and tried to push and lift it out. Moreover, Curphey said that, if a person had gotten behind his truck while he "revved his tires," that person would have been "completely drenched" with mud and water. Curphey, however, said that he thought Arciga "was clean" when he left. From this testimony and from the fact that Arciga did not mention in the chiropractic patient information form that the truck incident caused the shoulder injury to occur, the Commission inferred that Arciga did not push or attempt to lift Curphey's vehicle from behind on February 23, 2010. "We defer to the Commission's resolution of factual disputes regarding inferences." *Mihalevich Concrete Const. v. Davidson,* 233 S.W.3d 747, 757 (Mo.App.2007). "Where competent evidence or permissible inferences conflict, 'the choice rests with the Commission and is binding upon this court.'" *Clayton,* 221 S.W.3d at 493 (citation omitted).

Competent and substantial evidence supports the Commission's conclusion that Arciga failed to prove that, on February 23, 2010, he suffered an accident arising out of his employment with AT & T. We, therefore, affirm the Commission's decision denying Arciga workers' compensation benefits.

All concur.